## CALDER v. RICHARDSON.

No. 9702.

Circuit Court of Appeals, Fifth Circuit.

March 11, 1941.

See also, D.C., 11 F.Supp. 948.

Louis Kurz, Reuben Ragland, and Thomas B. Adams, all of Jacksonville, Fla., for appellant.

Francis P. Conroy, J. T. G. Crawford, and Philip S. May, all of Jacksonville, Fla., for appellee.

Before FOSTER, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was brought by appellant as assignee of Bidwell Properties, on a contract

---

4 Lockwood v. Exchange Bank, 190 U. S. 294, 23 S.Ct. 751, 47 L.Ed. 1061; Cowan v. Burchfield, D.C., 180 F. 614.

5 Lockwood v. Exchange Bank, supra.

of assumption of four first mortgage purchase money notes for $5,000 each, a part of a series of 12 notes, which notes had been given to one Harris by one W. P. McDonald, in a deed dated November 7, 1924, in connection with the purchase of 900 acres of land in Charlotte County, Florida.

The complaint was in three counts each alleging damages in the amount of $35,000. The first alleged generally that appellee had failed to pay the notes it had assumed and that as a result thereof, Bidwell Properties had been damaged in the amount sued for. The second was that after conveying the 200 acres, Bidwell Properties sold the remainder of the 900 acres under a covenant of warranty and by reason of defendant's non-payment of the notes, it assumed, Bidwell Properties became liable on that covenant.

The third count alleged the sale by Bidwell Properties of the balance of the 900 acres, taking as a part of the purchase price, purchase money mortgage notes in excess of $250,000 and that because of defendant's breach of its contract of assumption, Bidwell Properties had lost the notes to its damage in the amount sued for.

The defenses were (1) that the obligation of the notes in question had been satisfied and discharged by payment; (2) that the assumption agreement was made subject to and conditioned upon Bidwell Properties agreement, that its vendee, Ruff Realty Company, under whom defendant holds, should not be held liable for payment of any notes other than those expressly assumed, that the said 200 acres was warranted free of any encumbrances except the notes assumed, and that Bidwell Properties in breach of its duty and covenant had failed to pay the other notes and discharge the liens upon the property and as a result thereof, defendant had lost the property by foreclosure.

Submitted to the judge without a jury upon a stipulation of the facts,[1] there were

---

[1] The assumption contract was contained in a deed from Ruff Realty Co., to appellee, dated October 15, 1925, conveying 200 out of the 900 acres so purchased by McDonald. It provided:

"It is mutually agreed and understood that the party of the second part assumes and agrees to pay, as part of the purchase price hereof, two certain promissory notes, together with interest, each in the principal sum of $10,000.00, the first maturing November 7, 1926, and the second due November 7, 1927, said notes covered by a mortgage executed by Wm. P. McDonald to R. I. Harris and recorded in Mortgage Book 1, page 460 of the public schools of Charlotte County, Florida. It being understood and agreed that the party of the second part or the lands herein described shall not be held liable for the payment of any notes other than the two described above in said mortgage, and that upon the payment of the said two notes on maturity that the land herein described shall not be held for payment of other notes in said mortgage, and that the party of the first part agrees to release this property from any and all liens, mortgages and encumbrances now of record against this property upon the payment of said two notes."

Ruff Realty Company, by a deed dated September 12, 1925, containing the same clause of assumption as to the same $20,000 of first mortgage notes and of exemption from and protection against liability on any other notes, liens, mortgages or encumbrances upon the property as that contained in Ruff's deed to Richardson, had purchased the 200 acres from Bidwell Properties. That company had purchased the whole 900 from McDonald, subject to the first mortgage and in addition had given McDonald a second mortgage for $65,000 on the whole tract, and McDonald had agreed to release the 200 acres in question upon payment of the first mortgage notes and $15,000 of the second mortgage notes. On November 5, 1925, Bidwell Properties conveyed the remaining 700 acres to Punta Gorda Finance Company, reserving a purchase money lien to secure promissory notes aggregating $224,000.

On July 27, 1926, it assigned that mortgage to appellant, Louis Calder and thereafter it had no interest in the mortgage or its payment and on September 1, 1926, it assigned to others all of its interest in the 900 acres and thereafter it had no interest in the land. Punta Gorda Finance Company, becoming completely insolvent, its interest subject to the mortgages, was, in January, 1927, sold at sheriff's sale and passed to one Kurz. On October 18, 1927, appellant commenced foreclosure of the second mortgage and on December 27, 1927, Bidwell Properties assigned to Louis Calder & Co., all of its rights of action against Richardson for damages on account of the breach of his assumption agreement to pay the $20,000.

Of the 12 promissory notes given by McDonald, only four aggregating $20,000 were paid and none of the notes given by

findings (1) that by his covenant of assumption, Richardson became the direct and primary obligor for the notes he assumed and agreed to pay, (2) that Bidwell Properties was a third party beneficiary of Richardson's promise to pay and unless Richardson's defenses are good, he is liable for any damages Bidwell Properties may have actually suffered because of Richardson's failure to pay,[2] (3) that there can be no recovery of special damages sued for in Counts 1 and 2, because there is no showing that Bidwell suffered any, and (4) that Bidwell's breach of its covenant to protect Richardson's title to the 200 acres against liens and encumbrances except as to the notes he had assumed, as a result of which Richardson lost the property by foreclosure, is a complete defense to the suit on the assumption contract.

Upon these findings he gave judgment against plaintiff on counts 2 and 3 and in plaintiff's favor for nominal damages of $1 on the first count for a formal breach of the assumption covenant. From the judgment plaintiff has appealed, claiming that the damages awarded are inadequate, that actual damages were shown and that plaintiff was entitled to recover them. Defendant has not appealed, but in his brief he insists that the award of nominal damages was error.

We think it plain that plaintiff showed no damages to Bidwell resulting from defendant's failure to perform his assumption contract, nor any right in Bidwell to have a judgment for damages if he had suffered any.

The right of Bidwell Properties and its assignee, prima facie, to sue and recover on the assumption contract, is simple and plain. As correctly stated by the district judge, "By his covenant of assumption Richardson became the direct and primary obligor for the assumed $20,000 McDonald to Harris mortgage debt, and in the absence of adequate defensive facts, Bidwell Properties or its assignee could recover any damages it may have actually suffered by reason of a breach of the covenant for the reason that Bidwell Properties was a third party beneficiary of Richardson's promise to pay."

It is equally simple and plain that upon the stipulated facts though there was

---

Bidwell to McDonald were paid. The interest due on the Harris notes was paid as follows:

(a) On said Note No. 4, to November 7, 1925, but not thereafter;

(b) On said Note No. 5, to May 7, 1926, but not thereafter;

(c) On said Notes Nos. 6 and 7, respectively, to November 7, 1926, but not thereafter;

(d) On said Notes Nos. 8 and 9, respectively, to November 7, 1927, but not thereafter;

(e) On said Notes Nos. 10 and 11, respectively, to May 7, 1927, but not thereafter.

Louis Calder, appellant, acquired from time to time and ultimately became the owner of all of the unpaid first purchase money notes and thereafter, acting through and in the name of his agent, Allen, as the holder of the first mortgage notes, he, in exchange for the second mortgage notes Bidwell Properties had given McDonald, released McDonald from personal liability as maker of the first mortgage notes. Later in the name of Ross, his agent and attorney, all these notes were put in suit to foreclose on the 900 acres, the mortgages securing them. To this suit, all record owners of the land or of mortgages on it, including appellee Richardson, appellant Calder, Kurz, Bidwell Properties, Ruff Realty Company and others, were made parties. But McDonald, the maker of the notes, having been released from liability thereon, was not made a party. In that suit, the plaintiff stated that he elected to foreclose the first mortgage notes because notes 4, 5, 6, 7, 8, 9, 10 and 11, with interest thereon, were unpaid and he elected to foreclose the second mortgage notes because they were past due, principal and interest, and there was testimony that the land was more valuable than the unpaid balance due on the first mortgage notes. In due course there was a final decree for $44,200 on the first mortgage notes and for $75,750 on the second mortgage notes, with $5,857.50 attorney's fees and foreclosing each and both of the mortgages, eliminating all interests inferior thereto, including Bidwell Properties, Calder, Kurz and the defendant Richardson, and the land was bought by Ross as Calder's agent for $50,000.

[2] Whitfield v. Webb, 100 Fla. 1619, 131 So. 786; American Surety v. Smith, 100 Fla. 1012, 130 So. 440; Proctor v. Hearne, 100 Fla. 1180, 131 So. 173; Mississippi Valley Trust Co. v. Bussy, 5 Cir., 49 F.2d 881; Slottow v. Hull Inv. Co., 100 Fla. 244, 129 So. 577; Ackley v. Noggle, 97 Fla. 640, 121 So. 882; Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 51 A.L.R. 976; Alabama-Florida Co. v. Mays, 111 Fla. 783, 149 So. 661.

a formal breach of defendant's covenant, by failure to pay the notes as agreed, plaintiff showed no right to recover substantial damages. This is so because the record not only fails to show that Bidwell Properties suffered any damage by reason of defendant's failure to perform his contract of assumption, but it appears affirmatively therefrom that it has not suffered any. For it shows that, long before there had been any default on the assumed notes, either of principal or of interest, some of the first mortgage notes not assumed, had come into default; that Bidwell Properties had assigned its Punta Gorda mortgage to Calder and had quitclaimed its interest in the properties; and that when the assumed notes went into default, Bidwell Properties were not and could not have been affected thereby, because they had no interest in the properties or in the notes secured thereon. It shows too that they were not and will not be called upon to make good their warranty to Punta Gorda Company and that they have not suffered and will not suffer any damages on account thereof. Wholly apart then, from the defenses asserted against the suit, plaintiff's suit for damages for breach of the covenant of assumption fails, because of the complete failure to prove that any damages were sustained because thereof.

In addition, it is quite clear on the record that plaintiff's suit for damages must fail because of the countervailing claim of defendant that his assumption contract was coupled with and conditioned upon Bidwell's agreement to protect him from liability upon, and loss of the 200 acres, on account of liens and encumbrances on it. For, it stands undisputed that because of Bidwell's breach of his covenant of warranty and against encumbrances, Richardson lost his 200 acres in a suit foreclosing liens Bidwell had agreed to protect him from, and it is the law that because of this default of Bidwell and the loss of the land by Richardson as a result thereof, defendant is not liable on his assumption contract. There are many authorities fully supporting the views we have expressed. Some which may be cited are 19 R.C.L. § 148, p. 378; Jones on Mortgages, 6th Ed., Vol. 1, p. 807, § 766; Osborne v. Cabell, 77 Va. 462; 21 A.L.R. 489; Flagg v. Munger, 9 N.Y. 483; Stuyvesant v. Western Mortgage & Investment Co., 22 Colo. 28, 43 P. 144; Cf. Parker v. Interstate Trust & Banking Co., 5 Cir., 56 F.2d 792.

In view of these conclusions it is unnecessary for us to determine whether, as appellee urges, plaintiff's right to recover is also defeated because the release of the maker's liability on the notes discharged defendant's assumption of them, or whether the fact that the property was sold under the first mortgage notes, that it brought their full value, and that no deficiency judgment was or could be entered, effected a satisfaction of the notes and therefore of defendant's liability on them.

The judgment is affirmed.

Affirmed.