William VOYE, et ux., Appellants,

v.

L. F. RAGAN, Ted Funderburk, and
Vaughn Bowen, Appellees.

No. 1694.

Court of Civil Appeals of Texas,
Corpus Christi.

April 30, 1981.

Richard W. Crews, Jr., Brin & Brin, Corpus Christi, for appellants.

Fisher Alsup, Alsup & Alsup, Fred C. Auforth, Auforth, Keas & O'Reilly, Corpus Christi, for appellees.

OPINION

YOUNG, Justice.

This appeal from an instructed verdict as to three defendants pertains to the allegedly negligent inspection of a house for termite and dry rot damage before purchase by the appellants, William Voye and wife, Vivian Voye. Appellants brought suit against both the termite inspector, appellee Ragan, and against the real estate agents, appellees Bowen and Funderburk, for negligently hiring a non-bonded inspector. We affirm the judgment of the trial court directing the verdict for appellees Bowen and Funderburk, and reverse and remand the

cause of action against appellee Ragan for a trial on the merits.

Appellants contacted appellees Bowen and Funderburk to assist them in finding a home to purchase. A house was located and contract negotiations were begun. The final contract contained two provisions setting out inspection of the house for active termite inspection and for dry rot:

"... This sale subject to termite certificate from a licensed and bonded termite inspector certifying property to be free and clear of termites and other wood destroying insects and if found, to be treated at Seller's expense by licensed termite inspector. Purchaser to pay for inspection. . . ."

"This sale subject to flooring and substructure being checked in ~~kitchen and dining room~~ for dry rot, if found, the Seller is repair or this contract is null and void. XXXXXXXXX This subject to end at closing. Purchaser to pay for inspection."

Appellee Funderburk, at the appellants' request to find an inspector, contacted appellee Ragan to make the inspection. Mr. Ragan inspected the house and gave his report to the appellants, who paid him for the inspection. The results of Ragan's inspection were that no active termite infestation was present and no dry rot was found.

Appellants had noticed some waviness in the floor of the house before closing. They subsequently hired other inspectors to examine the premises for termites or dry rot damage. Those inspections were made approximately three months after that made by Ragan, and found damage caused by termites and dry rot. Some three and one-half years after Ragan's inspection, the appellants hired an appraiser to evaluate the cost of repair caused by the termite and dry rot damage. Soon thereafter, appellants filed suit alleging that Ragan negligently inspected the premises and/or fraudulently misrepresented the condition of the house. Suit was also brought against the appellees Bowen and Funderburk for negligently selecting a non-bonded inspector as required by the contract.

At the close of appellants' evidence, the trial court granted an instructed verdict in favor of all the appellees. There are actually two independent suits resolved by the trial court in the judgment from which this appeal arises. One suit involved the cause of action brought against appellee Ragan under two different theories of recovery: a negligent inspection of the premises or, alternatively, an action in fraud for misrepresenting the condition of the floor and substructure of the house. The second suit involved in this appeal was the action brought against appellees Bowen and Funderburk for negligently hiring a non-bonded inspector.

■ Two separate motions for instructed verdict were granted by the trial court, one in favor of appellee Ragan and one in favor of appellees Bowen and Funderburk. It is the appellate burden of the appellants in this case to prove that the peremptory instruction in favor of each appellee cannot be sustained on any of the grounds set out in the motion for instructed verdict of that appellee. *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.Sup.1964). Therefore, the appellants must establish, in order to obtain a reversal, that the contentions in the motions for instructed verdict cannot serve as a basis for granting such motions. *Guynn v. C. C. Bank and Trust*, 589 S.W.2d 764, 770 (Tex.Civ.App.—Corpus Christi 1979, w. o. j.).

■ In an appeal of an instructed verdict, the appellate court must review all the evidence in a light most favorable to the appellant. *Constant v. Howe*, 436 S.W.2d 115 (Tex.Sup.1968); *Guynn v. Corpus Christi Bank and Trust*, supra. Further, all conflicts and inconsistencies in the evidence must be resolved by the appellate court in favor of the appellant and all evidence supporting the appellants' allegations must be accepted as true. And if the appellate court, guided by those rules, determines that there was no fact issues left to be decided by a jury, then it follows that the appellee would be entitled to judgment as a

matter of law. *Dunham and Ross Co. v. Stevens*, 538 S.W.2d 212 (Tex.Civ.App.— Waco 1976, no writ).

As to the first action, that against Ragan for negligent inspection or for fraudulent misrepresentation, the trial court could have granted an instructed verdict on any of the grounds set out in appellee Ragan's motion: 1) no evidence to submit the issue of negligent inspection to the jury; 2) no evidence of any duty owed the appellees by Ragan since he was not privy to the contract; 3) no evidence of damages caused by alleged breach; 4) no evidence of active termite infestation or dry rot at the time of the inspection. We have no means of knowing on which ground the trial court ruled, for the judgment stated only that "... the motions of all Defendants for an instructed verdict are well taken and should be granted on the grounds therein stated...."

The duty of Ragan to inspect the substructure did not arise out of the contract between the parties. Although the contract had specific provisions dealing with the inspection, the duty to inspect arose out of the employment of Ragan by the appellants. Appellants paid Ragan to inspect the premises and to give his opinion whether the property was free of termites and other wood-destroying insects and whether the flooring and substructure were free from dry rot. In the report made on March 16, 1975, Ragan certified that no termites or other wood-destroying insects were in evidence. He further certified on the bill for services rendered that there were no termites or dry wood rot. The evidence shows that the appellants went through with the closing on the house as a result of these representations.

■ The evidence, however, when viewed in a light most favorable to the appellants, points to a different condition of the substructure. There is no dispute but that the house was free from active termite infestation. About dry rot, there is sufficient testimony to support the submission of an issue on the existence of dry rot at the time of Ragan's inspection. Sidney Smith, who examined the property on October 11, 1978, testified that the property was damaged by dry rot. As to the question of whether the condition existed at the time of the inspection by Ragan, Smith testified: "I know only that it takes many years for wood to rot to the extent that I found." Further testimony from two independent inspectors, who examined the property on June 16, 1975, and June 17, 1975, found dry rot damage in the structure. In reviewing the evidence in a light most favorable to the appellants, we hold that there was sufficient evidence presented which required a determination by the trier of facts whether Ragan negligently inspected the premises and/or fraudulently misrepresented the condition of the substructure as to dry rot damage.

■ As to the second suit involved in this appeal, that concerning the negligent employment of a non-bonded inspector by appellees Bowen and Funderburk, the trial court could have granted the appellees' motion for directed verdict on any of the grounds set out therein. One of the grounds for a directed verdict set out in the motion was as follows: there were no pleadings, allegations, or evidence that the appellees were negligent in the selection of Ragan, and even if they were negligent, no evidence existed that the failure to select a bonded inspector proximately caused the damage incurred by the appellants. In reviewing the evidence in a light most favorable to the appellants, we find no evidence that the failure of the appellees Bowen and Funderburk to select a bonded inspector proximately caused the damage sustained by the appellants. The trial court correctly instructed a verdict as to the cause of action against them.

The judgment of the trial court is affirmed as to the granting of the instructed verdict in favor of appellees Bowen and Funderburk. That portion of the judgment granting appellee Ragan's motion for instructed verdict is reversed and the cause against him is remanded for a trial on the merits. Two-thirds of the costs of this appeal are taxed against the Voyes, and the

remaining one-third are taxed against L. F. Ragan.

BISSETT, J., not participating.