**BLAESER DEVELOPMENT CORPORATION OF TEXAS, Appellant,**

v.

**W.C. ALDRIDGE, d/b/a A-Abco Lawn Sprinklers, Appellee.**

**No. 13–83–193–CV.**

Court of Appeals of Texas, Corpus Christi.

Jan. 26, 1984.

Thomas Arnold, Dallas, for appellant.

Howard Shapiro, Plano, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

This is an instructed verdict case. Appellant brought suit against appellee for damages for breach of a contract to install a lawn sprinkler system, and additionally for damages as a result of violations of TEX. BUS. & COM.CODE ANN. § 17.46 et seq. (Vernon Supp. 1982–1983); the Deceptive Trade Practices Act. Appellee filed a general denial. Trial was to the court. After the appellant had rested his cause, appellee moved for an instructed verdict on the grounds that appellant had failed to offer any evidence of damages. Appellant asked for a continuance, which the trial court denied, but then orally granted a motion for non-suit by appellant. Appellant's motion for non-suit and the court's ruling were never reduced to writing or made part of the record before the Court. Subsequently, the trial court granted appellee's motion for instructed verdict. We reverse.

Appellant originally brought suit alleging that appellee had entered into a contract with appellant to install certain sprinkler heads of a designated type and in a designated pattern for a lawn sprinkler system. The contract price was $3,010.00. Appellee installed the system but did not install the exact number of sprinkler heads specified. Appellant alleged that as a result of appellee's failure to comply with the terms of the contract, he was required to hire another contractor to complete the system. He also alleged he suffered plant and sod losses due to the inadequacies of the system installed by appellee.

The case was tried before the court. Appellant called two witnesses. The first witness, Wayne Blaeser, testified that the contract price of $3,010.00 was based on $35.00 per sprinkler head installed. He further testified that the actual price per sprinkler head was $60.00, due to the omitted equipment. He also testified that appellant sustained plant losses in the areas where the sprinklers were not installed. The second witness, Mr. Reggie Schleisman, appellant's comptroller, testified as to the payments made to appellee on the contract. At the conclusion of Mr. Schleisman's testimony, the appellant rested his case. Appellee then moved for an instructed verdict on the grounds that appellant had failed to offer any evidence of damages. Appellant first sought a recess and then a continuance so that he could offer additional evidence on damages. The trial court, noting that the case had been set by agreement of the parties and that both parties had announced ready, refused to grant either motion.

At the court's suggestion, the appellant asked for a non-suit which the trial court granted. Although the motion and the court's ruling thereon are reflected in the statement of facts, no written order granting the motion for non-suit or dismissing the cause appears in the transcript. Later, the appellee filed a motion for instructed verdict on the sole ground that appellant failed to prove damages. The trial court granted the motion for instructed verdict.

In his third point of error the appellant alleges that the trial court erred in granting the instructed verdict as there was some evidence of damages before the court. The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise a fact issue on a material question presented. To do this, Court must consider all of the evidence in the light most favorable to the party against whom the instructed verdict was granted, disregarding all contrary evidence and inferences. *Collora v. Navarro,* 574 S.W.2d 65 (Tex.1978). All evidence supporting the appellant's allegations must be accepted as true, and only if we determine that there was no fact issue left to be decided by the trier of fact, will we allow the instructed verdict to stand. *Valdez v. Lyman-Roberts Hospital, Inc.,* 638 S.W.2d 111 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Voye v. Ragan,* 616 S.W.2d 673 (Tex.Civ.App.—Corpus Christi 1981, no writ).

We find that the testimony of the witness Wayne Blaeser concerning the number of sprinkler heads and the contract price per sprinkler head raises a fact ques-

tion as to whether or not the appellant suffered any damages. The witness testified that the contract was based on a per head price of $35.00 and that the actual price was $60.00. This raised an issue of fact creating evidence of damages. This point of error is sustained.

■ In his first and second points of error, the appellant argues that the trial court erred in granting the instructed verdict after having granted the motion for non-suit. Without consideration for the fact that we do not have a written order granting the non-suit or dismissing the cause before us, we find no error by the trial court in this action. Tex.R.Civ.P. 164 provides in part that:

> "Upon the trial of any case at any time before plaintiff *has rested his case,* i.e., has introduced all of his evidence other than rebuttal evidence, the plaintiff may take a non-suit, . . . ." [Emphasis added.]

The record clearly indicates that appellant had rested his case prior to seeking a non-suit. Rule 164 forbids a non-suit after a plaintiff has introduced all of his evidence other than rebuttal evidence. *City of Houston v. Sam P. Wallace & Co.,* 585 S.W.2d 669 (Tex.1979). Appellant argues that *O'Brien v. Stanzel,* 603 S.W.2d 826 (Tex. 1980) allows a trial judge to grant a non-suit, at the discretion of the court, where circumstances so dictate. A review of the record on this basis does not show an abuse of discretion by the trial judge. Appellant's first and second points of error are overruled.

It is not necessary to consider appellant's fourth point of error as this is not likely to appear on a retrial.

The judgment of the trial court is REVERSED, and the cause is REMANDED for a new trial.