Mike DAVIS, et al., Appellants,

v.

BARTONVILLE WATER SUPPLY CORPORATION, et al., Appellee.

No. 2–84–031–CV.

Court of Appeals of Texas, Fort Worth.

En banc

Oct. 24, 1984.

**298**

Kelsey, Gregory, Holt & Phillips, a Professional Corporation, and Richard H. Kelsey, Denton, for appellants.

Hutchison, Price, Boyle & Brooks and John F. Boyle, Jr. and John M. Hill, Dallas, for appellee.

Before HILL, ASHWORTH and JORDAN, JJ.

## OPINION

HILL, Justice.

Appellants, Mike Davis and other housing addition developers and builders who own lots located within the service area of the Bartonville Water Supply Corporation, sought a declaratory judgment that the tap fee charged by the corporation was discriminatory. Trial was to the court, primarily upon stipulated evidence. At the conclusion of the presentation of the appellants' evidence, the trial court granted Bartonville's motion for a directed verdict, finding that the appellants had no legal authority to challenge Bartonville's rates due to the fact that Bartonville is not a public utility for rate purposes, and also finding that the fee in question was not discriminatory. The appellants challenge these two findings by the trial court.

We affirm. Although we do not agree with the trial court's finding that Bartonville is not a public utility whose rates may be challenged in court, we hold that the court was correct in its finding that the fee is not discriminatory.

A plaintiff is entitled to a directed verdict when reasonable minds can draw only one conclusion from the evidence. The task of an appellate court in such a case is to determine whether there is any evidence of probative force to raise fact issues on the material question presented. The court must consider all of the evidence in the light most favorable to the party against whom the verdict was instructed, discarding all contrary evidence and inferences. *Collora v. Navarro*, 574 S.W.2d 65, 68 (Tex.1978); *Blaeser Development Corp. of Tex. v. Aldridge*, 664 S.W.2d 830, 831 (Tex.App.—Corpus Christi 1984, no writ). When reasonable minds may differ as to the truth of controlling facts, the issue must go to the finder of fact. *Collora, supra*. The same test is applied on appeal whether the trial is before a jury or before the court. *McDaniel v. Carruth*, 637 S.W.2d 498, 504 (Tex.App.—Corpus Christi 1982, no writ).

By point of error number two, appellants maintain that the trial court erred in finding that they had no legal authority to challenge Bartonville's rates. We agree. Bartonville is a water supply corporation

formed and operating under a charter issued by the Secretary of State of Texas pursuant to TEX.REV.CIV.STAT.ANN. art. 1434a (Vernon 1980), providing service to those who have joined as members. It holds a certificate of convenience and necessity issued by the Public Utility Commission of Texas, pursuant to Article VII of TEX.REV.CIV.STAT.ANN. art. 1446c (Vernon Supp.1984), to furnish water to its certificated territory located in and around Bartonville, Denton County, Texas. In that section of art. 1446c, the legislature included water supply corporations in the definition of "public utility." Therefore, Bartonville does business in Texas as a public utility. Bartonville is not defined as a "public utility" under that portion of art. 1446c which deals with the authority of the Public Utility Commission to regulate rates. Bartonville asserts that since it is excluded from the jurisdiction of the Public Utility Commission for rate purposes, no one, including the courts, may challenge the reasonableness or discriminatory nature of its rates. The Texas Supreme Court rejected a similar contention in 1975 when it held that courts do have jurisdiction over discriminatory or excessive rates of public utilities which are not otherwise regulated. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526 (Tex.1975). Appellants' point of error number two is sustained.

■ The appellants maintain in points of error numbers three and four that they established by probative evidence that the tap fee charged by Bartonville was a discriminatory rate. The tap fee is the fee Bartonville charges all users for water connections. As a public utility, Bartonville may not discriminate in charges or services between persons similarly situated. *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d at 529. The appellants argue that to the extent that a tap fee exceeds the actual cost of installation, it is a capital raising device which has the economic effect of keeping the rates low for old users and high for new users. We find that the stipulated evidence supports the finding of the trial court that Bartonville's tap fee is not discriminatory. Bartonville's tap fees are established by its board of directors. They set an initial tap fee of $300.00, which was in effect until July 1, 1979, when they increased it to $450.00. Effective June 1, 1982, they again increased the fee, this time to $1,950.00. It appears to be undisputed that all the tap fees were in excess of the cost of installation, and that anyone desiring a tap, whether an old user or a new user, was required to pay the same tap fee. Since everyone pays the same tap fee, and since everyone, including the old users, was required to pay a fee in excess of the installation cost, we do not find the fee to be discriminatory. The cases cited by the appellants are all distinguishable in that they all involved discrimination between different classes of users. In this case, the same connection fee is charged to all customers, regardless of whether that customer is new or old, and regardless of the location of the user. The mere fact that increased costs result in increased tap fees does not make the fee discriminatory. Appellants' points of error numbers three and four are overruled.

■ In ground of error number one, appellants urge that the trial court erred in granting the directed verdict on the ground that they presented probative evidence supporting a prima facie case. In their argument, they assert that they presented evidence showing that the tap fee was not a reasonable charge. The elements to be considered in determining the reasonableness of utility rates are (1) reasonable operating expenses; (2) the rate base; and (3) a reasonable rate of return. *Suburban Util. Corp. v. Public Util. Com'n.*, 652 S.W.2d 358, 362 (Tex.1983). We have examined the record and find that the appellants did not present evidence as to any of these three elements. They present no case which would indicate that they have presented sufficient evidence on the issue of reasonableness of the fee. They refer us to a document contained in the stipulated evidence which they say shows that Bartonville charges a higher tap fee than other water suppliers in the area. Since

the reasonableness of the fee is based on the factors stated, the mere fact that Bartonville's fee is higher than that charged by other water suppliers is not sufficient evidence in itself to show that the fee is unreasonable. For this reason and those stated in connection with the other points of error, we overrule point of error number one.

The judgment of the trial court is reformed to reflect that Bartonville Water Supply Corporation, as a public utility, must set fees and charges which are reasonable and nondiscriminatory, that this obligation is enforceable in the courts of this State, and that the court does not find that Bartonville's tap fee is discriminatory or unreasonable.

The judgment as reformed is affirmed.

ASHWORTH, J., joined by JORDAN, J., dissents.

ASHWORTH, Justice, dissenting.

I respectfully dissent. The tap fee was raised from $300.00 to $450.00 on July 1, 1979, an increase of 50%. Three years later, on June 1, 1982, the fee was raised to $1,950.00, an increase of 333%. Apparently, it is undisputed that the tap fee is in excess of the cost of installation. I would hold that the sheer amount of the increase renders the new tap fee unreasonable and discriminatory. To answer that the new fee applies to all customers—old and new— begs the question. The fact remains that those acquiring service on June 2, 1982, are paying $1,500.00 more in a tap fee than those who acquired service on May 31, 1982.

The trial court's finding that the new tap fee was not discriminatory is so contrary to the greater weight and degree of the evidence as to be manifestly unjust. I would reverse the judgment of the trial court; since the judgment was rendered at the conclusion of appellant's case-in-chief, I would remand to the trial court for a new trial.

JORDAN, J., joins.