73936. TABOR v. ORKIN EXTERMINATING COMPANY, INC.
(360 SE2d 34)

POPE, Judge.

This case arises out of a termite inspection. Plaintiff Tabor entered into a contract to purchase a house which required the sellers to furnish a termite inspection report. An initial report prepared by defendant Orkin Exterminating Company, Inc., was untimely by the date of closing on the contract, was not relied upon and is therefore irrelevant to plaintiff's appeal. A report dated March 22, 1985 indicated previous infestation of termites and wood decay resulting in damage. A diagram of the house was attached to the report showing termite and moisture damage only in one area of the house. As a result of this report, plaintiff required the sellers to repair the damage identified in defendant's report. After certain repairs had been made, defendant issued a second report again indicating previous infestation and damage from termites and wood decay. No diagram was attached to the second report. A handwritten remark on the form indicated "[s]light moisture & termite damage cosmetic, does not appear to be structural." Nevertheless, the printed form stated as follows: "If damage has been noted it is not intended to be a statement as to the degree of damage present (see condition 7 on back). The damage . . . will not be corrected by this company. It is recommended that a qualified building expert evaluate the damage and make any needed repairs." Condition 7, printed on the back of the form, stated: "If visible damage is reported, it does not imply that damage should be repaired or replaced. Evaluation of damage and any corrective action should be performed by a qualified building expert."

After the second report was issued, plaintiff closed on the contract for sale on March 29, 1985. In May 1985, during the course of

making certain repairs and renovations to the house, plaintiff discovered extensive wood rot and termite damage at the rear of the house when plaintiff's building contractor removed trim and molding which had been nailed over the frame and threshold of floor-to-ceiling windows and sliding doors. Plaintiff brought this action for negligent inspection, fraud and breach of the treatment contract issued by defendant on plaintiff's house. Plaintiff appeals from the grant of summary judgment to defendant.

Plaintiff may not recover the cost of damages or repairs under his contract claim. The limited guarantee issued by defendant expressly excluded any coverage for infestation or damage from termites. In regard to wood decay fungus, the guarantee provided only for re-treatment and expressly released defendant from liability for damages or repairs.

Nor may plaintiff recover damages for that area of the house identified on the diagram in defendant's first inspection report. This report was sufficient to alert plaintiff of a termite or wood rot problem in the identified area. See *Butler v. Terminix Intl.*, 175 Ga. App. 816 (1) (334 SE2d 865) (1985). Even though the second report, issued after the sellers had made certain repairs, contained the opinion that the remaining damage did not appear to be structural, the report also included the express condition that "it [was] not intended to be a statement as to the degree of damage present. . . ." In fact, the report recommended evaluation of damage by a qualified building expert. We reject plaintiff's argument that defendant's failure to attach a diagram to the second report implies there was no remaining damage. The report expressly noted remaining damage. Moreover, plaintiff had notice of the previous report prepared only days earlier identifying the location of the damage. Thus, the facts of the case are distinguishable from *Getz Svcs., Inc. v. Perloe*, 173 Ga. App. 532 (327 SE2d 761) (1985), where the purchaser did not have notice of an earlier report identifying infestation and damage. We also reject plaintiff's contention that the written comment declaring the damage not to be structural in nature should control over printed language declaring the report was not intended to be a statement as to the degree of damage present. Since the inspection report was not a contract, the rules of construction in regard to inconsistent language of a contract do not apply. We find no issue of fact exists as to the representations made by defendant in regard to the extent of damage discovered and revealed. Since the report disclosed the existence of some damage to the area in question, plaintiff was on notice of the problem and may not bring an action for negligent inspection as to that area.

However, we reverse the lower court's holding in regard to the claim for negligent inspection of other portions of the house. Part of the damage complained of by plaintiff was first discovered when

workmen removed moldings and trim from the threshold of certain doors and windows at the rear of the house. Defendant maintains it is not liable for failing to discover this damage since the inspection report was expressly limited to those areas visible and readily accessible to probing and sounding. The report expressly excluded "areas concealed or obstructed . . . [and] any part of the structure to which visible access would require the removal or marring of finished work." Conflicting testimony was presented as to whether the damage complained of was visible from the readily accessible crawl space under the house before the outside woodwork had been removed. Defendant's employee admitted the damage complained of was not recent and must have been present at the time the inspections were made. A homeowner may recover for negligent inspection when the evidence shows damage was present and should have been discovered in the course of an inspection. See *Perloe v. Getz Exterminators*, 163 Ga. App. 397 (294 SE2d 640) (1982), on appeal after retrial, *Getz Svcs. v. Perloe*, supra. In *Butler v. Terminix Intl.*, supra, we held that discovery of termite damage without proof it had been present at the time of an earlier inspection did not give rise to an action for negligent inspection. However, "[i]f [plaintiffs] had shown affirmative evidence that the termite damage was in existence at the time of the [earlier] inspection, there would have been a genuine issue to avoid a motion for summary judgment." Id. at 817. In the case now before us, the conflicting evidence regarding whether the damage was readily visible at the time of the inspection creates an issue of fact for the jury.

However, plaintiff presented no evidence to support his claim for fraudulent concealment. Defendant's employee testified he conducted a complete inspection of the crawl space of the house but denied discovering any damage other than that noted on the diagram. At most, plaintiff may show negligent inspection. However, "[i]n a fraudulent concealment action, the alleged defrauded party must show that the alleged defrauder had actual, not merely constructive, knowledge. If there is no actual knowledge of the defect on the part of the silent party there can be no concealment with the intent and for the purpose of deceiving the opposite party." Id. at 818.

Therefore, we affirm the grant of summary judgment to defendant as to plaintiff's claims for breach of contract, fraud, punitive damages and negligent inspection of that area of the house as to which damage or infestation was revealed by defendant's inspection report. We reverse the grant of summary judgment as to plaintiff's claim for negligent inspection of areas not identified in the inspection report.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

810

*Winston H. Morriss, John G. Barrett*, for appellant.
*Richard P. Decker, J. Michael Barber*, for appellee.