Jeffrey M. DAVIS et al.

v.

NEW ENGLAND PEST CONTROL CO.

v.

Eva CHAMPAGNE.

No. 89–72–A.

Supreme Court of Rhode Island.

July 16, 1990.

Robert J. Rahill, Robert J. Rahill, Jr., Rahill & Rahill, Pawtucket, for plaintiff.

Michael Colucci, Olenn & Penza, Warwick, James A. Currier, McOsker, Isserlis & Davignon, Providence, Jean Boulanger, Capaldi & Boulanger, Ltd., Coventry, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on the plaintiffs' appeal from judgment for the defendant entered in Superior Court. The trial justice had granted the defendant's motion for a directed verdict. We reverse.

The events that give rise to this appeal began in May of 1984. Jeffrey M. and Anita J. Davis (plaintiffs or the Davises) entered into a purchase-and-sale agreement with Eva Champagne (Champagne) to pur-chase a house and land located at 21 Roedle Drive in the town of Hope, Rhode Island. The agreement contained a provision calling for a termite inspection prior to the date of closing. The plaintiffs were informed by Champagne and the realtor that yearly inspections had been conducted by New England Pest Control and that an inspection would be performed prior to the closing. This inspection was apparently conducted, and on the day of closing New England Pest Control submitted a letter that stated in pertinent part, "In accordance with the annual inspection feature of the Termite Control Agreement, our recent inspection on May 31, 1984, failed to reveal any signs of infestation." No further representations were made by New England Pest Control.

In July of 1984 the Davises moved into their new home. Shortly thereafter they began renovations and discovered that some of the wooden beams in the house seemed to be hollow. In 1987 attempts at further renovations revealed damage so extensive due to termite infestation that the house had to be razed and completely rebuilt.

After the first discovery of signs of infestation, the Davises brought suit against Champagne. Champagne then brought New England Pest Control into the lawsuit as a third-party defendant. Later the Davises filed an action sounding in contract directly against New England Pest Control, which in turn brought Champagne in as a third-party defendant. The two actions were consolidated, and a jury trial was held in February of 1989. This appeal involves only the action brought by the Davises against New England Pest Control. In that case, after plaintiffs rested and after denial of their motion to amend, the trial justice directed a verdict for defendant, New England Pest Control. In the other consolidated case the trial justice denied the motion for directed verdict and submitted that case to the jury. The jury was not able to agree on a verdict, and a mistrial was declared. That case remains unassigned to the trial calendar, pending the outcome of this appeal.

Although the Davises raise two issues, in our opinion the appeal from the granting of the motion for directed verdict is dispositive. The other issue, the denial of the motion to amend, need not be addressed because on remand that issue will no doubt be resolved before trial. Our role in reviewing the granting of a motion for a directed verdict is well settled:

"In considering a motion for a directed verdict, this court must do what the trial justice is called upon to do in the first instance. We examine the evidence and all inferences reasonably flowing therefrom in the light most favorable to the nonmoving party. We do not consider the credibility of the witnesses or the weight of the evidence. We then determine whether * * * there is evidence for the jury to consider which would warrant a finding in favor of the nonmoving party. If we conclude that there is evidence supporting that party or that there is evidence on which reasonable minds could differ, then the jury is entitled to decide the facts of the case." *Valente v. Rhode Island Lottery Commission*, 544 A.2d 586, 590 (R.I.1988) (quoting *Marcotte v. Harrison*, 443 A.2d 1225, 1229 (R.I.1982)).

■ In ruling on the motion, the trial justice found there was evidence on which a jury could say that there was a contractual obligation between New England Pest Control and the Davises. When one party for valuable consideration, engages another by contract to do some act for the benefit of a third party, the latter who would enjoy the benefits, may maintain an action for breach of contract. *Rae v. Air Speed, Inc.*, 386 Mass. 187, 195, 435 N.E.2d 628, 632–33 (1982). If the third party is an intended beneficiary, the law implies privity of contract. *Calder v. Richardson*, 11 F.Supp. 948, 949–50 (S.D.Fla.1935), aff'd, 118 F.2d 249 (5th Cir.1941). There is also a substantial body of case law that holds that a pest-exterminating company is liable to a plaintiff who purchases property in reliance upon a false or inaccurate wood-infestation report provided to the vendor. *See Hardy v. Carmichael*, 207 Cal.App.2d 218, 24 Cal. Rptr. 475 (1962); *Hamilton v. Walker*

*Chemical & Exterminating Co.*, 233 So.2d 440 (Fla.Ct.App.1970); *Ruehmkorf v. McCartney*, 168 La. 241, 121 So.2d 757 (1960); *Johnson v. Wall*, 38 N.C.App. 406, 248 S.E.2d 571 (1978).

The next issue concerns the decision of the trial justice that defendant New England Pest Control Co. had performed its contractual obligations when it reported that no infestation had been found. In his decision from the bench the trial justice stated:

"New England Pest Control discharged its contractual obligation here. It gave to the plaintiffs everything that it contracted to do, whether you view the plaintiffs as third party beneficiaries or whether you view them as the direct contractors with the defendant. * * * *They wanted an inspection, which they had a right to get, and which they sought, and they got a report* * * * [a]nd finding no breach, the Court finds that the motion for a directed verdict must be granted." (Emphasis added.)

■ We must disagree. If all the Davises or Champagne were entitled to from New England Pest Control was an inspection and a report, then anyone, even someone who has no experience or expertise whatever could inspect and report no evidence of infestation. Here defendant was in the pest-extermination business and agreed to perform an inspection for termites. At the very least defendant was obligated to see what was there to be seen. Even one who assumes to act gratuitously, may become subject to the duty of acting carefully if he acts at all. *Security National Bank v. Lish*, 311 A.2d 833, 834 (D.C.App.1973); *Glanzer v. Shepard*, 223 N.Y. 236, 135 N.E. 275, 276 (1922).

■ Furthermore, as a general rule there is implied in every contract for work or services a duty to perform it skillfully, carefully, and diligently and in a workmanlike manner, and a negligent failure to observe any of those conditions is a tort as well as a breach of contract. *Green Const. Co. v. Williams Form Engineering Corp.*, 506 F.Supp. 173, 177 (W.D.Mich.1980); 57A Am.Jur.2d *Negligence* § 120 (1989). A

homeowner may recover for negligent inspection when the evidence shows damage was present and should have been discovered in the course of the inspection. *Tabor v. Orkin Exterminating Co.*, 183 Ga.App. 807, 360 S.E.2d 34 (1987).

■ There was evidence in the record, in the form of testimony of the plaintiffs' expert, that on the basis of the condition of the property when the termite infestation was discovered by the Davises, the infestation had existed at the time of the inspection. When there is testimony in conflict about whether a proper and complete inspection has been performed, the conflicting testimony creates a jury issue concerning whether ordinary diligence has been exercised. *Johnson v. Landing*, 157 Ga. App. 313, 277 S.E.2d 307 (1981); *see also Voye v. Ragan*, 616 S.W.2d 673 (Tex.Civ. App.1981) (issue of whether termite inspection negligently performed is a jury question). From this testimony, if it was believed by the jury, an inference could be drawn that the inspection, if it was done at all, was not done skillfully, carefully or in a workman-like manner. Therefore, this evidence gave rise to a question of material fact that required the denial of the defendant's motion for a directed verdict.

For these reasons the plaintiffs' appeal is sustained, the judgment for the defendants is vacated, and the case is remanded to the Superior Court for further proceedings.

KELLEHER, Justice, concurring.

I agree with the conclusion of my colleagues that the trial justice erred in granting a directed verdict. There was some evidence presented that might warrant a finding for the Davises. However, I would remind the Davises that "courts have universally held that the plaintiff must produce competent evidence from which the jury may reasonably infer that the damages sought were the result of the defendants' acts." *McKnight v. Hill & Hill Exterminators, Inc.*, 689 S.W.2d 206, 207 (Tex.1985). *See also Neary v. Posner*, 253 Md. 401, 407, 252 A.2d 843, 847 (1969).