[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
On Friday, February 7, 1986, Mrs. Alda Crawshaw was employed as the manager of a Ben Franklin store located on Newport Avenue in Pawtucket. Her hours of employment varied on weekdays, but on a Friday were from 12 noon until 6:00 p.m. When employed on Monday to Thursday weekdays, she would drive to work and park her car on a street near her place of employment, but on Fridays, would park in a vacant lot at the corner of Armistice Boulevard and Littlefield Street and walk across the street to the Ben Franklin store. On Friday, February 7, 1986 she left her home at about 9:00 a.m. and after doing some personal errands decided to go to her workplace. She drove into the vacant lot and parked her car alongside some other cars that were parked there.
On this Friday, the weather was cloudy and cold when she left her home at about 9:00 a.m., but when she parked her car at about 11:05 a.m. it was beginning to snow. Coupled with the fact that it had snowed the previous day, the light new falling snow made the ground in the vacant lot "very slippery". As Mrs. Crawshaw was walking away from her car, she slipped and fell, severely injuring her left knee. She was helped onto her feet and assisted to her place of employment, and from there hospitalized. She later underwent surgery on her knee. She thereafter filed a claim for her injuries with the City Council, and after rejection of same, commenced this action for negligence. The case was reached for trial, and heard by the Court, sitting without a jury.
At the trial various medical affidavits were introduced as exhibits (Plaintiff's Exhibits 4-11) all attesting to her injury and medical treatment, including hospitalization and surgery. It was also agreed by counsel that her loss of earnings, and loss of earning capacity for some sixty-seven weeks totaled $16,750.00.
At the conclusion of the trial, counsel for the defendant City of Pawtucket moved to dismiss the plaintiff's complaint contending that the vacant lot upon which the plaintiff had parked her car and on which she had fallen was not owned by the City of Pawtucket, and was not used or utilized by it for any municipal purpose or accommodation to the public. At trial, the defendant City had introduced into evidence (Defendant's ExhibitA) being a certified copy of the taking by condemnation on November 18, 1980 of the lot in question by the State of Rhode Island. It established, beyond question, that on February 7, 1986, the vacant lot in question did not belong to the defendant City and had not, for some six years.
The plaintiff, in opposing the motion to dismiss contended that because on occasion in the past the City of Pawtucket had actually undertaken to remove or plow snow from the lot to accommodate various nearby property owners and others who parked their vehicles in the lot, it had thereby assumed a continuing duty to do so and that on the day in question or, on the previous night had the vacant lot been cleared of snow, she would not have fallen.
The Court after listening to argument of counsel on the motion to dismiss informed counsel that it would treat the motion as final argument of counsel and decide the case upon the merits by written decision. Accordingly, the Court enters decision as follows.
With respect to the issue of the credibility of the trial witnesses, the Court finds that each of the trial witnesses; namely, Alda Crawshaw, Thomas Kando, and Karen Rockford testified truthfully to the best of their respective recollections. The Court however gives no weight to the conclusory, and unsubstantiated generalizations contained in an investigation report signed by Mr. Kando concerning maintenance of the vacant lot and description of it as a city parking lot, which were based upon information from a Mr. Wayne Stetson, who was not available as a witness, but whose speculatory statements are reflected inPlaintiff's Exhibit 2. The Court accepts as credible, all of the medical affidavits, Plaintiff's Exhibits 4-11, and the deposition testimony of Irene King and Harold King, Plaintiff'sExhibits 12 and 13.
The Court rejects the plaintiff's contention that on the day of her fall, February 7, 1986, the vacant lot in question was owned, controlled or utilized by the City of Pawtucket. The Court finds that since November 18, 1980 the vacant lot in question was owned exclusively by the State of Rhode Island. The Court finds that at all pertinent times in question, and on the day of the plaintiff's fall she was owed no duty with regard to snow removal or snow plowing of the vacant lot in question by the City of Pawtucket.
There is no question that if the defendant City owned the lot or had been using the lot to provide parking for the public as a municipal service, its obligation or duty to the plaintiff would have been to use reasonable care for the safety of all persons reasonably expected to be upon the lot. Mariorenzi v. DiPonte,Inc., 114 R.I. 294, 307 (1975). However there is no credible evidence in the record of this trial to prove those facts.
There is also no question that if the defendant, while having no duty to clear the lot of snow, did in fact take upon itself the task of doing so, it would then owe the plaintiff the duty of doing so in a reasonably prudent manner. Davis v. New EnglandPest Control Co., 576 A.2d 1240, 1242 (1990). However, there is no evidence that on the occasion of the previous snowfall or on the morning in question, the defendant had volunteered or undertaken to clear the snow from the vacant lot. In fact, plaintiff contends the opposite in her complaint; namely, that she fell because the defendant had failed to clear the lot. In short, she claims that the defendant breached a duty owed to her which in fact did not exist.
While there is some evidence in the record from which the Court could conclude that on occasion, in the past, the defendant City had cleared snow from the vacant lot to apparently accommodate some people in the neighborhood who might have parked their cars there, rather than on the street, such action was sporadic and voluntary on the part of the City and not related to any lawful duty to do so. The law is clear, that the duty of a good Samaritan is limited. Once he has performed his voluntary act, he is not required to continue to perform it again indefinitely. The mere fact that the defendant City had accommodated some occasional unknown parker users of the vacant lot in the past did not impose upon the City a continuing duty to do so. Andrews v. Wells, 204 Cal.App. 3 533, 541 (1988),Restatement of Torts, Second Edition Chapter 12, Section 323
(comment c).
For the reasons hereinabove set out, the defendant City did not on the night of February 6, 1986, or on the morning of February 7, 1986 have any duty to clear the snow from a vacant lot it did not own or use for municipal purposes. That being so, it owed no duty to the plaintiff. Accordingly, she has no claim against the City and decision is entered in favor of the City.
The parties shall prepare the appropriate judgment for entry by the Court.