[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Defendant Red Cap Construction, Inc. (Red Cap) originally asserted a cause of action against Plaintiff Joan J. Almeida (Almeida) in February 1987 to enforce a mechanic's lien pursuant to Chapter 28, Title 34 of Rhode Island General Laws. Shortly thereafter, Almeida asserted a separate cause of action against Red Cap seeking damages for breach of contract. The cases were consolidated and tried before this Court sitting without a jury.
In November 1986, Almeida entered into a contract with Red Cap to construct a house on Lucy Avenue in Tiverton, Rhode Island. Almeida provided the construction plans and advanced $15,350 to Red Cap prior to the commencement of construction. It is undisputed that the plans were improperly drawn by the architect. Notwithstanding the faulty plans, Red Cap proceeded with construction.
Prior to completion of the second phase of construction, Almeida advanced an additional $15,350 of the contract price to Red Cap. Sometime thereafter, Almeida viewed the property and determined that Red Cap's initial construction progress was unworkmanlike and unsatisfactory. The parties' relationship deteriorated rather quickly and Red Cap permanently left the construction site on January 14, 1987.
Subsequent to Red Cap's departure, Almeida hired an architect/building contractor to evaluate the work previously performed by Red Cap. Smith Greene, Almeida's expert witness, cited numerous examples where Red Cap's construction was either incomplete, unworkmanlike, or defective. Red Cap denies that its work was defective or otherwise unworkmanlike and contends that the improperly drawn plans are the direct cause of Almeida's dissatisfaction.
At the outset, it is important to note that this Court finds that a contract for the construction of a house existed between Almeida and Red Cap. In every contract for work or services there exists a duty to perform the work skillfully, carefully, and in a workmanlike manner. Davis v. New England Pest Control Co.,576 A.2d 1240, 1242 (R.I. 1990). A contractor's negligent failure to honor that duty results in both a tort and a breach of contract.Id.
After a thorough review of the evidence and testimony, this Court is convinced that Red Cap's performance was neither skillful nor workmanlike. The credible testimony of Almeida's expert, Smith Greene, addressed numerous examples of defects and poor workmanship in various parts of the house including the front steps, the exterior siding, the cellar, and interior rooms. Tiverton Building Officer Wilford Eccles further testified to numerous code violations, defects, and deviations from the design plans. In fact, the numerous code violations forced Eccles to suspend further construction until all violations were corrected. The overwhelming evidence in the record clearly indicates that Red Cap breached its contract with Almeida by failing to perform its work in a skillful or workmanlike manner.
Red Cap appears to rely heavily on the improperly drawn design plans as a defense to Almeida's claim. That Almeida provided Red Cap with improperly drawn design plans is not disputed. The defective plans, however, cannot excuse Red Cap's failure to perform in skillful or workmanlike manner. While Red Cap would ordinarily be entitled to offset against Almeida the damages resulting from the defective plans, a thorough review of all the evidence and testimony reveals that Red Cap has otherwise failed to prove that it suffered any damages related to the defective plans.
The evidence in the record clearly reveals that Red Cap was in breach of its construction contract with Almeida. The record further indicates that Almeida advanced $30,700 to Red Cap during construction, expended $10,973 to rectify Red Cap's defects, and expended $44,150 to complete the contract. Based on the evidence in the record, therefore, this Court finds that the total cost incurred by Almeida was $85,823. Since the total contract price was $66,400, this Court finds that Red Cap's breach of contract caused Almeida to suffer $19,423 in damages. Accordingly, Almeida is entitled to judgment in the amount of $19,423.
Counsel shall prepare an appropriate judgment for entry.