**FIRST TEXAS SAVINGS ASSOCIATION, Appellant,**

v.

**STIFF PROPERTIES, A Partnership, Appellee.**

**No. 13–83–548–CV.**

Court of Appeals of Texas, Corpus Christi.

Nov. 1, 1984.

Second Rehearing Denied Nov. 20, 1984.

Marshall Boykin, III, Wood, Boykin, Wolter, Smith & Hatridge, Corpus Christi, for appellant.

W.R. Hitchens, Kingsville, for appellee.

### OPINION ON MOTION FOR REHEARING

KENNEDY, Justice.

Appellee's motion for rehearing is granted. Opinion and judgment of September 6, 1984, are withdrawn and a new opinion is delivered this date.

Appellee, Stiff Properties, sued appellant, First Texas Savings Association, for violations of the Texas Deceptive Trade Practices Act and other causes. After a jury trial, and based upon answers to special issues, judgment was entered in favor of appellee for violations of the DTPA in the amount of $80,000 and attorney's fees.

Appellee, a partnership, was formed by a group of friends for the purpose of purchasing a beachfront property, specifically Unit No. 106 of the Portofino Condominium Complex. An earnest money contract was entered into naming $87,000 as the purchase price and July 1, 1982 as the closing date. The contract provided for an extension of up to fifteen days, if necessary, to complete loan requirements.

Because appellant held the existing mortgage on the property, appellee first contacted appellant for financing. An application charge of $160 was required by appellant, and, as a result, only two couples actually applied for the loan. Applications were promptly completed by the two couples in the Kingsville office. The applications were forwarded in late May or early June to the Corpus Christi office of appellant for processing. The applications showed the closing date as July 1, 1982.

In mid-June, the appellee was informed that the seller of the condominium unit would not extend the earnest money contract if the closing date, July 16th (including extensions), was not met. Appellee immediately informed appellant of this development and inquired what, if anything, appellee could do to expedite the processing of the application. Appellee repeatedly contacted appellant in an effort to secure loan approval. The loan was eventually approved on Friday, July 9th. On Monday, July 12th, appellee called appellant to discuss setting up the closing, but was informed that the computer in Dallas was "down." The closing instructions and other documents could only be obtained from the Dallas computer. Appellee was assured that the computer would be "up" in a few days and that it "felt good that we would make it by Friday." By Wednesday, July 14th, "the computer was up" and "things looked good." On Thursday, appellee was informed that the closing was in jeopardy because the closing instructions and other documents had not yet been prepared and would not be in Corpus Christi in time for a Friday closing. The missing documents included closing instructions to the title company, a promissory note, deed of trust and truth in lending statement.

The closing did not take place on July 16, 1982, and appellees lost the opportunity to purchase the condominium unit. The documents were received in Corpus Christi on Monday, July 19, 1982. Notice of a claim as required by the DTPA was given, and the instant suit was filed. The jury returned a verdict on special issues, wherein they found that appellant represented to appellee that the necessary closing instructions would be in Corpus Christi in time for a July 16, 1982 closing; that the representation was made knowingly; that the failure to timely forward the closing instructions was unconscionable; that the failure was a knowingly committed unconscionable act; that this failure caused appellee to lose the opportunity to purchase the condominium unit; that the difference between the contract price and market value was $28,000; that appellee should be awarded additional (exemplary) damages of $50,000; and that attorney's fees of specific amounts were reasonable and necessary. Judgment was entered on the verdict, granting $28,000 in actual damages, $2,000 in damages pursuant to TEX.BUS. & COM. CODE ANN. § 17.51(b)(1), $30,000 in additional (exemplary) damages and attorney's fees. From this judgment, First Texas Savings appeals.

■ By its fourth point of error, appellant complains by "no evidence" and "insufficient evidence" points that the appellee was not a consumer. By its fifth point of error, appellant complains that the representation, if any, of appellee that it would timely forward the closing instructions could not constitute a violation of the DTPA. The gravamen of appellant's complaint is that appellees are not consumers and that appellant did not provide a service.

That appellee is a consumer was settled by *La Sara Grain Co. v. First National Bank of Mercedes*, 673 S.W.2d 558 (Tex. 1984), which was decided after briefs were filed in this case. In *La Sara Grain*, the Supreme Court said: "[A] lender may be subject to a DTPA claim if the borrower's 'objective' is the purchase or lease of a good or service thereby qualifying the borrower as a consumer." 673 S.W.2d at 567. Likewise, it is immaterial whether or not the *appellant* provided a service. "If in the context of a transaction in goods or services, *any person* engages in an unconscionable course of action which adversely affects a consumer, that person is subject to liability under the DTPA." *Flenniken*

*v. Longview Bank and Trust Co.*, 661 S.W.2d 705 (Tex.1983); TEX.BUS. & COM. CODE ANN. § 17.50(a)(3) (Vernon Supp. 1984). We read this to mean that, if the purpose of the transaction (the purchase of the condominium) falls within the DTPA, any person (including the financing institution) who performs an unconscionable act will be subject to liability. Appellant's fourth and fifth grounds of error are overruled.

■ Appellant, by its first, second and third points of error, complains by "no evidence" and "insufficient evidence" points that there was no support for the jury's finding that 1) there had been a representation made that the instructions would be forwarded in time for the closing; 2) the failure to forward the instructions was an unconscionable act; and 3) the representations were made knowingly. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza*, 626 S.W.2d 120 (Tex. App.—Corpus Christi 1981, writ. ref'd n.r. e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error*, 38 Tex.L. Rev. 361 (1960).

We have carefully considered the record and find no evidence that a representation was made that the instructions would be forwarded in time for the closing. One of the appellees, Mrs. Wolfe, testified that Mr. Batey, an employee of appellant, said "he would not anticipate that being a problem, or something to that effect ..." at the time of application for the loan. In addition, Mrs. Wolfe testified that another employee, Harrie Katz, told her on Monday, the 12th of July, that the loan was approved, that the computer was "down," "but not to be too concerned because she thought it would be 'up' in a day or two and she felt good that we would make it by Friday." Further, on Wednesday of that week, Mrs. Wolfe testified that "she told me that the computer was up and she felt things looked good." Mrs. Wolfe testified that, on Thursday, Miss Katz "just said it doesn't look good, we're not going to have the instructions by tomorrow."

Considering the above-quoted testimony in a light most favorable to the verdict, we find that there is no evidence that the jury could have relied upon to find a representation that the instructions would be forwarded in time for the closing. Appellant's first point of error is sustained.

We find sufficient evidence to support the remainder of the jury's findings. Appellant's second and third points of error are overruled.

■ Appellees, by their Motion for Rehearing, have called to this Court's attention that the judgment of the trial court is supported by sufficient jury findings. Therefore, we find no reversible error and affirm the judgment of the trial court. Tex.R.Civ.P. 301, 434.

A consumer may maintain an action when any unconscionable action or course of action is the producing cause of actual damages. TEX.BUS. & COM.CODE ANN. § 17.50(a)(3) (Vernon's Supp.1984). A finding that appellant engaged in an unconscionable act or course of action is sufficient to support a judgment in a DTPA action even in the absence of specific misrepresentations. *Bennett v. Bailey*, 597 S.W.2d 532 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.)

■ By the third and fourth Special Issues, the jury found that appellant, in failing to forward the closing instructions in a timely manner, knowingly committed an "unconscionable action or course of action." The jury charge gave the statutory definition of "unconscionable action or course of action"; that is "an act or practice which, to a person's detriment":

(A) takes advantage of the lack of knowledge, ability, experience, or capacity of a person to a grossly unfair degree; or

(B) results in a gross disparity between the value received and considera-

tion paid, in a transaction involving transfer of consideration.

*See* TEX.BUS. & COM.CODE ANN. § 17.-45(5) (Vernon Supp.1984)

Because at least some of appellees were experienced in real estate dealings, we would hesitate to find a lack of knowledge, ability and experience in appellees. However, we need not reach that question because we find there is "a gross disparity between the value received and consideration paid". Appellees paid a consideration in the total amount of $320.00 in application and processing fees. The jury's finding of unconscionability is supported by the evidence of the reasonable expectation of appellees that appellant would promptly process appellee's application and provide the necessary papers for closing in a timely manner.

Because the judgment of the trial court is supported by the jury's answers to Special Issues three and four, the judgment of the trial court is affirmed.

YOUNG, J., not participating on Motion for Rehearing.