## ALEXANDER HODGES *v.* THE RICHMOND MANUFACTURING COMPANY.

The plaintiff alleged, that a contract was made between him and the defendant, that the defendant should print and sell at cost the products of the plaintiff's mill, and that a memorandum of the terms of the contract was made by him, but not signed by the defendant, concluding as follows: "this agreement to continue two years or longer, if necessary, until I (plaintiff) have made the net profit of fifty thousand dollars. This contract is to take the place of the one I had previously made to sell them production of my mill for four months at twenty cents per yard." *Held*, that as the consideration of the contract was the release of a former contract which might have been disadvantageous to the defendant, and as the object appeared to be to let the plaintiff make a sum of money from the new one, the money, and not the time, was the principal object of the contract, and therefore it might be performed within one year, and was not within the Statute of Frauds.

*Held, further*, that the contract should be taken as if it was expressed to continue until the plaintiff had made a net profit of $50,000, even if it took two years or longer to do it.

THIS was an action to recover $50,000 damages for breach of a contract, of the terms of which the plaintiff alleged that he had made a memorandum, but which had not been signed by the defendant. The memorandum, as produced by the plaintiff at the trial, is set out in full in the opinion of the court. At the trial of the case, at the last term of the Supreme Court for this county, before Mr. Justice Durfee and a jury, the defendant moved that the plaintiff be non-suited, because the alleged contract was within the Statute of Frauds, and therefore void,

because not in writing, which motion was granted, whereupon the plaintiff alleged exceptions, and the case was now heard upon his motion for a new trial.

*Bradley and Hart, (with whom was E. H. Bennett, of Massachusetts,) for plaintiff, in support of the motion:*—

I. The contract in question, being perfectly valid at common law, a statute in derogation thereof is to be very strictly construed and not to be extended one iota beyond its positive and absolute requirements.

II. It is equally elementary that the statute annuls only such contracts as are " *not* to to be performed within the space of one year ;" not such contracts as *may* extend over a year ; not such as the parties by their language evidently contemplate *will* extend beyond that time ; not such as *may not* be ; but such, and such only, as *are* not to be, and cannot possibly be, performed in that period. Consequently it is immaterial whether the contract contemplates a period of years or a whole lifetime for its maximum duration, it is not void unless it clearly and positively stipulates that such contingency *shall not* happen within a year ; the *mimimum* must be more than a year or it is good. To bring a contract within the statute, it must appear " to be necessarily incapable of performance within a year." *Archer* v. *Zeb.* 5 Hill, 200. If the fulfilment of the promise depends upon any contingency which may by *any possibility* be performed within a year, it is not within the statute. *Roberts* v. *Rockbottom Co.* 7 Met. 46. It is on this ground, as is well known, that oral contracts to support another for a term of years, or for life, are not invalid, since, although they evidently contemplate a duration beyond a year, they would be in fact determined by the death of the promisee, which may occur in a year. *Peters* v. *Westborough*, 19 Pick. 364 ; *Hutchinson* v. *Hutchinson*, 46 Maine, 154. And see *Kent* v. *Kent*, 18 Pick. 569, for a contract to cut trees on another's land at any time within ten years. So agreements not to carry on trade for a series of years, or forever after, need not be in writing, since they might be terminated by the death of the promisor within a year from the making. *Blanding* v. *Sargent*, 33 N. H 239 ; *Lyon* v. *King*, 11 Met. 411 ; *Worthy* v. *Jones*, 11 Gray, 168; *Doyle* v. *Dixon*,

97 Mass. 208 ; *Richardson* v. *Peirce*, 7 R. I. 330. The statute is not such contracts as are not *expected* to be performed, nor such as are not *likely* to be performed, but such as are not *to be* performed.

It would not be enough even to prove that in all human·probability, according to the course of trade, the usual and probable profits of business, or even the ordinary laws of nature, the event contemplated as the terminus of the contract would not occur within a year, nor that the parties evidently *so expected.* The test still is, does the contract *expressly stipulate* that it shall not in *any event* be performed in that time, but that it must and shall, under every possible circumstance, continue beyond that period. Then and then only must it be written. Thus, when a seaman about to sail on an eighteen months' voyage, engaged to marry the plaintiff " after his return," this was held valid, although oral. *Clark* v. *Pendleton*, 20 Conn. 496. It is not that now looking backward, we can see that it has not been performed in a year, but did the parties, looking forward, intend to say, and did they say, that they did not want the contract fulfilled, *if they could*, in that time. *Roberts* v. *Rockbottom Co.* 7 Met. 46, is not distinguishable from this case. That was an agreement to labor for the defendant's company, " for the term of five years, or so long as A. shall continue to be agent of the company." Held not within the statute.

*Payne, Eames, Parsons, and S. A. Cooke, Jr. for defendants :—*

I. This agreement, by its express terms, is not to be performed within the space of one year from the time it was made. It is to continue two years without regard to the profits made during that period, whether more or less than fifty thousand dollars. There is no power reserved to the Richmond Manufacturing Company to terminate it, when fifty thousand dollars should have been made, and there is express power in Mr. Hodges to continue it after two years until fifty thousand dollars should have been made. This is the language which the parties have used, both well acquainted with the subject matter and presumed to know (what is proved,) that fifty thousand dollars could be made within a year. The leading feature of the contract is an agreement to print for two years. The stipulation that if fifty

thousand dollars is not made within that time the contract shall continue until that sum is made, is subordinate.

II. The contingency of making fifty thousand dollars, if a performance of the agreement, upon a true construction of the agreement, cannot happen until after the expiration of two years from the time the contract was made. The agreement in this case by its express terms is to continue *two years or longer*, (not for a less time) that is for more than two years, *if necessary*, that is, if fifty thousand dollars is not realized at the end of two years, *until*, that is, to a time after the expiration of two years, or longer than two years, when the fifty thousand dollars profit shall have been realized. It is a cardinal rule in the construction of contracts, " that every word and clause shall be taken into consideration, *and have an effect given to it if possible.*" *Heywood* v. *Perrin*, 10 Pick. 230 ; *Payler* v. *Homersham*, 4 M. & S. 426. 1. This construction gives meaning to every word of the agreement. And if the agreement be held to depend on the contingency of making fifty thousand dollars, that contingency upon this construction of the agreement cannot happen until after the expiration of a period of more than two years, and of course cannot arise within one year from the making of the agreement. See *Lapham* v. *Whipple*, 8 Met. 59. In the case at bar, the defendants were to print for the plaintiff at cost, the production of his Taunton mill, and such other cloth as he might buy to make up 1200 pieces a week for one printing machine. And they were so to print for two years, any how and in any event. If, at the end of that time, taking the chance of gain at one time and loss at another on the sale of the goods printed during that period, it should turn out that the plaintiff's net profits on the 1200 pieces so printed weekly on one machine, did not amount to $50,000, *then* they were to print for him *longer*, until his profits had amounted to $50,000. The realizing of at least $50,000 profits at the end of two years was the contingency on which the defendants might be discharged from all further obligation, but the making of that amount of profit after the expiration of two years, if it had not been made then, was to be the performance of the contract. 2. The plaintiff seeks to construe this con-

tract as though it read : "This agreement to continue until I have made fifty thousand dollars." But this construction, or any construction which will take it out of the operation of this section of the statute, strikes out material words of the contract and leaves out the very words which determine the time of the performance. The words mean the profit arising from the general business of printing 1200 pieces during the period of two years. At the end of that time, if the net profit has amounted to fifty thousand dollars, the contract would be fully performed, if not, it was to continue longer.

The construction contended for by the defendants is not only the plain common sense meaning of the memorandum, but it is the only construction which will give any meaning to all the words of the agreement. " The question is whether, according to the terms of the agreement and the intention of the parties as thereby indicated, the performance is not to be within a year." *Holloway* v. *Hampton*, 4 B. Mon. 415 ; *Harrison* v. *Butters*, 20 Maine 119.

III. This agreement, according to its terms, as intended and understood by the parties, could not be fully performed within one year from the making of it. This appears within the agreement : 1. from the subject matter. 2. This intention and understanding of the parties appears further, by the express provision contained in the contract, for *two years or longer if necessary*, and the absence of any provision for a period less than two years. A contract cannot be construed to be for a single year, when it professes to be for a longer period. *Squire* v. *Whipple*, 1 Vt. 69 ; *Harrison* v. *Butters*, 20 Maine, 119. In the case at bar it was not intended or understood that the net profit to which the plaintiff was to be entitled should be made in less than one year. If fifty thousand dollars had been made in the first year the contract would not have been performed. The parties contemplated and understood two years, and provided *then* for a longer period. *By its terms* the contract must be interpreted. *Folley* v. *Green*, 2 Sandf. Ch. 91 ; *Hinkley* v. *Southgate*, 11 Vt. 428. And see also on the subject of the intention of parties as derived from the terms of an agreement, &c. *Danbury* v. *Phil-*

*lips*, 2 N. H. 515 ; *Holloway* v. *Hampton*, 4 B. Mon. 415 ; *Pilkin* v. *Long Island R. R.* 2 Barb. 221 ; *Harris* v. *Porter*, 2 Harring. (Del.) 27 ; *Boydell* v. *Drummond*, 11 East. 142 ; *Lockwood* v. *Barnes*, 3 Hill 128 ; *Foote* v. *Stone & Emerson*, 10 Vt. 338 ; *Pitcher* v. *Wilson*, 5 Mo. 46. Again : It is settled law that a contract must be capable of being completely performed *on both sides*, or the statute will apply. *Broadwell* v. *Getman*, 2 Denio. 87 ; *Boydell* v. *Drummond*, 11 East. 142 ; *Wilson* v. *Martin*, 1 Denio. 602 ; *Drummond* v. *Burrell*, 13 Wend. 307.

IV. The agreement in this case, by its express terms, is " to continue two years, or longer, if necessary, until I have made the net profit of fifty thousand dollars," and if the court should hold that it could be terminated in less than a year in the event that fifty thousand dollars should be made in less than a year, yet the contract would not be performed according to its express terms and would still be within the statute.

It is undoubtedly well settled that the fifth clause of this section of the statute " has no reference to promises which may probably not be performed within a year, however strong the probability may be." As an agreement to pay money on the arrival of a ship, or on a party's marriage, or to leave a sum of money by will, or to pay a party an annuity, or any other promise depending on a contingency which may, by any possibility, be performed within a year from the making thereof. In all such cases the statute does not require the agreement to be in writing. *Lapham* v. *Whipple*, 8 Met. 59 ; *Richardson* v. *Pierce*, 7 R. I. 333. But it is equally well settled, that where a contract is in terms for more than a year, but subject to determination upon the happening of a given event within the year, it is within the section of the statute, and must be in writing. *Dobson* v. *Collins*, 37 Eng. L. and E. 499 ; *Birch* v. *Earl of Liverpool* 9 B. and C. 392 ; *Roberts* v. *Tucker*, 3 Exch. 632 ; *Holloway* v. *Hampton*, 4 B. Mon. 415 ; Notes in 1 Smith's Lea. Cas. (side page) 436, *et seq.*

POTTER, J. The contract on which the present suit is founded is in the following words :—

" Memo. of a contract entered into with G. M. Richmond President of the Richmond Mfg. Co. to print and sell at cost the production of print cloths of my mill in Taunton Mass., with the understanding I am to purchase goods of other makes of like quality, they paying for the same at the market value, sufficient to supply one printing machine about (1200) pieces per week.

" This agreement to continue two years or longer if necessary until I have made the net profit of fifty thousand (50,000) dollars ; this contract is to take the place of the one I had previously made to sell them production of my mill for four months at twenty cents per yard. Commencing Jan'y 1st ending May 1st, 1866."

This memorandum was made by Hodges in writing and shown to the defendant. But no agreement in writing was signed by the defendant ; and it is contended that it is a contract not to be performed in a year, and therefore void by the statute of frauds, unless in writing.

On the other hand, it is contended that the contract was only to continue until the plaintiff had made $50,000, which might be within the year.

Taking into view the fact that the consideration of the new contract appears to have been the release of a former contract which might have been disadvantageous to the defendant, and that the object (as we infer from the circumstances) was to let the plaintiff make a certain sum of money from the new contract, we cannot but conclude that the money, and not the time, was the principal object, and that therefore it might be performed in a year.

And that the contract should be taken as if it was expressed to continue until the plaintiff had made a net profit of $50,000, even if it was necessary to take two years or longer to do it, and this construction, we think, will best carry out the intention the parties had in making it. The difficulties attending the opposite construction confirm us in this opinion. The motion for a new trial must therefore be granted.

*New trial granted.*