**Robert M. ROUSSEAU et al.**

v.

**K.N. CONSTRUCTION, INC., et al.**

**No. 98–52–Appeal.**

Supreme Court of Rhode Island.

March 17, 1999.

Mark P. Dolan, Providence, Christopher F. Long, Fall River, MA, for Defendants.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiffs, Robert M. Rousseau and Claire W. Rousseau, brought actions against the defendants, K.N. Construction, Inc., from whom they purchased a parcel of land, and Alfred P. Ferreira (Ferreira or Ferreira's estate),[1] an engineer who had been hired by K.N. Construction to determine the parcel's suitability for construction of a septic system. The trial justice entered a summary judgment in favor of Ferreira's estate,[2] and the plaintiffs filed a notice of appeal. This Court directed the parties to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel at oral argument and after reviewing their memoranda, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

In 1989, plaintiffs purchased the parcel that was part of a subdivision in Tiverton, Rhode Island. K.N. Construction hired Ferreira, a registered engineer, to conduct percolation tests on the lots to determine whether the property was suitable for the construction of a septic system. A preliminary report prepared by Ferreira indicated that the parcel purchased by plaintiffs was suitable for the installation of a septic system for a three or four bedroom home. The plaintiffs alleged that K.N. Construction presented this report to them prior to their purchase of the lot and that they relied upon the results contained therein in deciding to purchase the property.

In 1989, plaintiffs obtained approval from the Department of Environmental Manage-

Laurent L. Rousseau, Jeremiah C. Lynch, III, Newport, for Plaintiffs.

1. Alfred Ferreira died while this case was pending in the Superior Court, and Joan Ferreira as executrix of the estate of Alfred Ferreira was substituted as a defendant.

2. A final judgment in respect to Ferreira's estate was entered pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, Judgment Upon Multiple Claims or Involving Multiple Parties.

ment (DEM) for the construction of their septic system, but decided not to build a house on their lot at that time. They attempted to build in 1992, but were informed that the previous DEM approval of their septic system had lapsed. After hiring a new engineering firm to perform percolation and water table tests on the property, plaintiffs alleged that the new testing revealed that installation of a septic system would not be suitable on their parcel and, moreover, the original tests performed by Ferreira were incorrect.

The plaintiffs brought several contract claims against K.N. Construction and an action based on negligence and fraud against Ferreira, seeking economic damages only. The trial justice found that the economic loss doctrine, espoused in *Boston Investment Property # 1 State v. E.W. Burman, Inc.*, 658 A.2d 515 (R.I.1995), was applicable to the counts against Ferreira and accordingly entered a summary judgment in favor of Ferreira's estate. The plaintiffs appealed.

■ It is well settled that this Court carries out a *de novo* review of the entry of a summary judgment. *Woodland Manor III Associates v. Keeney*, 713 A.2d 806, 810 (R.I. 1998). We shall affirm a summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we are of the opinion that no genuine issue of material fact exists and "that the moving party is entitled to judgment as a matter of law." *Rotelli v. Catanzaro*, 686 A.2d 91, 93 (R.I.1996).

■ The claims against Ferreira were based on tort liability. Traditionally, a cause of action in tort could not arise from the breach of a duty existing by virtue of a contract unless the person injured and the defendant were in "privity of contract" with one another. 57A Am.Jur.2d *Negligence* § 122 (1989). The State of Rhode Island, however, abrogated the requirement of privity in tort actions, thereby "expos[ing] architects, engineers, and other improvers of real property to unlimited potential liability to third parties." *Walsh v. Gowing*, 494 A.2d 543, 548 (R.I.1985). *See also Temple Sinai–Suburban Reform Temple v. Richmond*, 112 R.I. 234, 308 A.2d 508 (1973) (reviewing the

demise of the privity requirement in tort actions in Rhode Island). Therefore, because plaintiffs in the instant case are third parties bringing a tort claim against an engineer, privity is not required.

■ The estate argued on appeal that the economic loss doctrine applied in this case and, therefore, that plaintiffs' tort action for economic damages was barred. In response, plaintiffs argued that the economic loss doctrine was applicable only to matters involving disputes between commercial entities and not to a case of a consumer's purchase of residential property. The issue before us is whether the economic loss doctrine applies to the facts of this case involving a land purchase by a plaintiff consumer.

We have held that if a defendant owes a duty of care to a third party that arises out of an existing contract, and the party to whom the duty is owed is injured, the injured party may bring a negligence action against the defendant even though the damages are purely economic. *Forte Brothers, Inc. v. National Amusements, Inc.*, 525 A.2d 1301 (R.I. 1987). While the parties in *Forte Brothers* were commercial entities and plaintiffs in the instant case are consumers, the rationale of *Forte Brothers* applies equally well to a noncommercial setting.

The trial justice in the case at bar relied on our holding in *Burman*, a case in which we reexamined the holding of *Forte Brothers*. Boston Investment Property # 1 State, the plaintiff in *Burman*, brought a breach of contract action in the United States District Court for the District of Rhode Island against the seller of the property, Capitol Hill Development, with whom the plaintiff had a contract. The plaintiff also brought a tort action based on negligence against E.W. Burman, Inc. (Burman), with whom the plaintiff did not have a contract. *Burman*, 658 A.2d at 515–16. A question certified to this Court asked:

"In the absence of privity of contract with the general contractor [Burman], is the subsequent purchaser of a commercial office building in Rhode Island entitled to recover economic damages which it is alleged were proximately caused by the neg-

ligence of the general contractor?" *Id.* at 515.

Burman argued that this Court should adopt " 'the economic loss' doctrine whereby a plaintiff is precluded from recovering purely economic losses in a negligence cause of action." *Id.* at 517. This Court answered the certified question in the negative, stating that extending "tort liability for economic damages to subsequent purchasers of commercial property is unwarranted[,]" *id.* at 518, thereby barring the plaintiff from bringing an action in tort. We stressed the fact that the parties were "sophisticated commercial entities," *id.*, with "no discrepancy in [their] bargaining power." *Id.* at 517. We distinguished *Forte Brothers* on the ground that the foreseeability of harm to the plaintiff, Forte Brothers, Inc., had been extremely high in that case. *Burman,* 658 A.2d at 516–17.

This Court has long adhered to a tradition of providing increased protection and an opportunity for recovery in cases in which consumers deal with commercial entities. For example, in *Padula v. J.J. Deb–Cin Homes, Inc.,* 111 R.I. 29, 298 A.2d 529 (1973), we held that where there is a sale of a new house by a vendor-builder, there is an implied warranty of reasonable workmanship and habitability that survives the delivery of the deed. In *Estate of Braswell v. People's Credit Union,* 602 A.2d 510 (R.I.1992), we declined to adopt the theory of comparative negligence when a consumer alleged negligent misrepresentation on the part of a commercial entity resulting in pecuniary loss. The case of *Davis v. New England Pest Control Co.,* 576 A.2d 1240 (R.I.1990), held that

> "implied in every contract for work or services [is] a duty to perform it skillfully, carefully, and diligently and in a workmanlike manner, and a negligent failure to observe any of those conditions is a tort as well as a breach of contract. * * * A homeowner may recover for negligent inspection when the evidence shows damage was present and should have been discovered in the course of the inspection." *Id.* at 1242–43.

And in the case that informs our decision today, *Nichols v. R.R. Beaufort & Associates, Inc.,* 727 A.2d 174 (R.I.1999), the buyers of a latently defective home brought an action against the builder, with whom they lacked contractual privity, for allegedly breaching implied warranties of habitability and workerlike quality. We held that privity of contract was not required in actions by subsequent purchasers of homes against builders or contractors for breach of implied warranties of good workmanship for latent defects. *Id.,* 727 A.2d at 179.

In a concurrence almost thirty-five years ago, Justice Joslin observed that because the doctrine of privity was "of judicial making," it could be altered in the same fashion. *Henry v. John W. Eshelman & Sons,* 99 R.I. 518, 527, 209 A.2d 46, 51 (1965) (Joslin, J., concurring). Several years later this Court endorsed that concept by declaring that the "citadel" of privity had fallen "[a]ll the way" and holding that whether or not privity exists in a tort action for negligence against a manufacturer or supplier is of no moment. *Temple Sinai,* 112 R.I. at 236–38, 308 A.2d at 509–10. If there were any lingering doubts regarding the demise of privity, we remove them today in respect to cases of consumer transactions.

■ We explicitly limit our holding in *Burman* to commercial transactions. The plaintiffs in the instant case are consumers. When a cause of action arises under a contract and a consumer lacks privity of contract with the offending party, an action in tort remains available, even if the damages are purely economic.

We conclude, therefore, that the economic loss doctrine is not applicable to consumer transactions. Therefore, we sustain the plaintiffs appeal, vacate the summary judgment, and remand this case to the Superior Court for trial.