Anthony J. CIPOLLA

v.

**RHODE ISLAND COLLEGE, BOARD OF GOVERNORS FOR HIGHER EDUCATION et al.**

No. 98–119–Appeal.

Supreme Court of Rhode Island.

Dec. 15, 1999.

Ralph J. Perrotta, for Plaintiff.

Nicholas Trott Long, Providence, for Defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on November 3, 1999, pursuant to an order directing the plaintiff, Anthony J. Cipolla, to show cause why the issues raised by this appeal should not be summarily decided. The plaintiff timely appealed the entry of a summary judgment in favor of the Board of Governors for Higher Education (board or de-

fendant).[1] After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and therefore proceed summarily to decide the case.

On August 30, 1979, plaintiff began working at Rhode Island College (college), where he has been employed on a nearly continuous basis, with only one nineteen-week break in service. During his employment, plaintiff's salary always has been paid from outside grants to the college. Although the original grant did not include funding for pension contributions, each grant since 1980 has included funding for pension contributions. During his employment at the college, plaintiff has never been enrolled in the State of Rhode Island Employee Retirement System (ERS), and before 1988 the policies of the board did not permit employees supported by external grants to join TIAA–CREF, a private pension program for employees who were not members of ERS. In 1988, the board modified its policy and thereafter required employees such as plaintiff to become members of TIAA–CREF. On September 1, 1992, plaintiff was enrolled in the TIAA–CREF pension program, and his enrollment was made retroactive to September 1, 1991.

In 1993, plaintiff filed a grievance through the Rhode Island College Staff Association (RICSA), the union that represented him, alleging that the board had breached its duties under a collective bargaining agreement (CBA) by not enrolling plaintiff in TIAA–CREF beginning in 1982. The grievance was denied, and plaintiff did not proceed to arbitration, as he could have done under the CBA. In August 1996, plaintiff filed a complaint in Superior Court and again sought retroactive inclusion in a pension plan for the period in which he was employed by the college but not covered by any retirement program. Count 1 of the complaint argued that the board had violated its statutory duty, under G.L.1956 chapters 8 to 10 of title 36, to enroll plaintiff in ERS. Count 2 asserted that the board had breached plaintiff's contract of employment.

In October 1996, the board filed a "motion to dismiss and for summary judgment," arguing, in part, that plaintiff's claim was barred by the doctrine of election of remedies because he had earlier attempted to resolve the dispute through the contractually agreed-upon grievance procedure. This argument was based not only on the pleadings, but also relied on an affidavit from the college's director of personnel that briefly set forth the facts concerning the grievance that had been filed. The motion was argued before the justice assigned to the dispositive motion calendar on March 11, 1997, and was denied from the bench at the close of oral argument.

In October 1997, plaintiff filed his own motion for summary judgment, and defendant responded by filing a cross motion for summary judgment. Although defendant's cross motion made one new argument—that plaintiff's claim was barred by the doctrine of sovereign immunity—in all other respects the motion was nearly identical to the previous motion. A different justice was assigned to hear these summary judgment motions on the dispositive motion calendar, on December 9, 1997. During argument, defendant submitted a RICSA grievance letter in support of its election of remedies argument. At the close of argument, the second motion justice granted defendant's motion for summary judgment on the basis of the doctrine of election of remedies, and an order to that effect was entered on December 18, 1997.

The plaintiff filed a motion to alter or amend the judgment, arguing that under the law of the case doctrine, the second motion justice should not have overturned the decision made by the first motion jus-

---

1. The plaintiff's original complaint named Rhode Island College and the board as separate defendants. The parties have since stipu- lated that the college is a constituent entity of the board and that the two constitute one party for purposes of this action.

tice. After oral argument on this motion, the second motion justice found that the first motion justice had denied only defendant's motion to dismiss but not defendant's motion for summary judgment, and thus the law of the case doctrine did not apply. An order denying the motion to alter or amend was entered on September 8, 1998. On the same date, an order was entered granting defendant's motion for summary judgment.[2]

■ The plaintiff appealed to this Court, arguing that because the first motion had been supported by facts outside the pleadings, the first motion justice must necessarily have been treating it as a motion for summary judgment. Thus, the decision denying that motion was the law of the case and should not have been revisited by the second motion justice. The defendant responded by arguing that the first motion justice denied only the motion to dismiss but not the motion for summary judgment, and therefore the second trial justice was justified in granting the motion given the additional evidence before him.

■ The law of the case doctrine provides that after one judge has decided an interlocutory motion in a pending suit, a second judge should refrain from disturbing the first ruling when confronted with the same question at a later stage of the suit. *Commercial Union Insurance Co. v. Pelchat,* 727 A.2d 676, 683 (R.I.1999). The purpose of the doctrine is to "ensure[ ] the stability of decisions and avoid[ ] unseemly contests between judges that could result in a loss of public confidence in the judiciary." *Id.* However, the doctrine applies only when the question that reaches the second judge is the same one that has already been decided by the first judge. *See Shayer v. Bohan,* 708 A.2d 158, 164

(R.I.1998) (decision on a Super. R.Civ.P. 56 motion to be removed from the pleadings was not the law of the case governing the outcome of a later Super. R.Civ.P. 25(c) motion to be substituted as a party). In the case at bar, the first motion justice decided only the motion to dismiss and not the motion for summary judgment; hence, his decision did not bar consideration of the summary judgment motion by the second justice.

A motion to dismiss is made under Rule 12 of the Superior Court Rules of Civil Procedure, whereas a motion for summary judgment is made under Rule 56. A motion to dismiss must be made strictly on the pleadings, and under Rule 12(c), a motion to dismiss that relies on facts outside the pleadings must be treated as a Rule 56 motion for summary judgment. *Bethlehem Rebar Industries, Inc. v. Fidelity and Deposit Co. of Maryland,* 582 A.2d 442, 444 (R.I.1990); *Tangleridge Development Corp. v. Joslin,* 570 A.2d 1109, 1111 (R.I.1990).

The first motion justice had before him a "motion to dismiss and for summary judgment." It is true, as plaintiff alleged, that some of the arguments made in this motion relied on facts outside the pleadings and thus should have been treated as a motion for summary judgment. However, it is also true that some of the arguments relied strictly on the pleadings. Therefore, the first motion justice could properly have considered defendant's motion as being two separate motions, one for summary judgment and one to dismiss. When he stated that he was denying the motion to dismiss, he left ambiguous what action, if any, he was taking on the motion for summary judgment. We note that

---

2. A final judgment was never entered in accord with Rule 58 of the Superior Court Rules of Civil Procedure. We have stated that "[u]ntil a judgment is entered, no appeal can be taken, and an appeal filed before the entry of judgment on a separate paper is premature and subject to dismissal." *Brenner Associates, Inc. v. Rousseau,* 537 A.2d 120, 122 (R.I.1988) (quoting *McClellan v. Thompson,* 114 R.I. 334, 341, 333 A.2d 424, 428 (1975)). Neither party raised the issue in this case, and we have chosen to entertain this appeal. However, we wish to reiterate that the onus is on the appellant to comply with all procedural formalities.

when the second motion justice considered plaintiff's argument that his decision violated the law of the case, he carefully reviewed the transcript of the hearing on the earlier motion and determined that the first motion justice had denied only a motion to dismiss.[3] We agree with that determination and hold that the first justice's decision did not bar the second justice's consideration of a motion for summary judgment.

■ Because the law of the case did not bar the second justice from ruling on the motion for summary judgment, we must now consider whether summary judgment was properly granted. This Court reviews *de novo* the entry of a summary judgment. *Rousseau v. K.N. Construction, Inc.*, 727 A.2d 190, 192 (R.I.1999). We shall affirm a summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we determine that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Id.*

■ In the present case, it is undisputed that plaintiff attempted to grieve his claim for retroactive pension enrollment under the CBA and could have submitted that grievance to arbitration. His grievance sought essentially the same remedy as the complaint later filed in Superior Court. We have previously held that when one party to a CBA attempts to take advantage of the grievance procedure and loses, the election of remedies doctrine prohibits that party from pursuing the same dispute in the courts of this state. *City of Pawtucket v. Pawtucket Lodge No. 4, Fraternal Order of Police*, 545 A.2d 499,

502–03 (R.I.1988). The case at bar fits squarely within this rule, and the motion justice committed no error by granting summary judgment to defendant.[4]

■ The plaintiff attempted to distinguish the facts of the present case by arguing that because his Superior Court complaint sought relief under a statutory claim rather than under a contractual claim, his action was not barred by the election of remedies doctrine. He found support for that position in two United States Supreme Court cases, *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), and *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998), which he alleged stand for the proposition that a CBA may not waive access to a judicial forum to enforce statutory rights. It is our conclusion, however, that these decisions do not apply to the case before us.

We note first that these United States Supreme Court decisions have no precedential effect on the case at bar, although of course they may have persuasive value. In *Wright* and *Gardner–Denver*, the Supreme Court was interpreting the rights of employees under federal statutes. *See Wright*, 525 U.S. at ——, 119 S.Ct. at 392–93, 142 L.Ed.2d at 366 (determining whether a CBA can waive access to a court to resolve a claim under the Americans with Disabilities Act, absent an express statement of such waiver); *Gardner–Denver*, 415 U.S. at 38, 94 S.Ct. at 1015, 39 L.Ed.2d at 152 (determining whether a CBA can waive access to a court to resolve a claim under Title VII of the Civil Rights

---

**3.** The plaintiff could have requested that the first justice's decision be reduced to a written order. Had this been done, it would be clear whether the first justice ruled solely on the motion to dismiss or on the motion for summary judgment as well.

**4.** At oral argument, plaintiff asserted that because the CBA was never placed in evidence, the motion justice could not properly have determined that the grievance procedure in

the agreement was adequate to enforce his rights and that therefore there was insufficient evidence to apply the election of remedies doctrine. The best practice would be for any party asserting an election of remedies defense to place into evidence the CBA that describes the grievance procedure. It appears though that in this case both parties tacitly agreed that plaintiff had a right of grievance adequate to enforce his rights.

Act). Further, in each of these cases the CBA was entered into pursuant to the Labor Management Relations Act. *Wright,* 525 U.S. at ——, 119 S.Ct. at 395, 142 L.Ed.2d at 369; *Gardner–Denver,* 415 U.S. at 46 n. 6, 94 S.Ct. at 1018 n. 6, 39 L.Ed.2d at 157 n. 6. In the case at bar, the CBA is governed by state statute, G.L.1956 chapter 11 of title 36, and the right that plaintiff seeks to enforce is also controlled by a state statute. G.L.1956 § 36–9–2. Consequently, this is an issue purely of state law, and our decision is not controlled by the earlier decisions of the United States Supreme Court.

Even if we consider *Wright* and *Gardner–Denver* for their persuasive value, we do not believe that the rule of these cases should be applied to the case at bar. As we have noted, *Wright* and *Gardner–Denver* dealt with important federal antidiscrimination statutes. The Supreme Court noted that there were overwhelming public policy reasons for preserving access to the judicial forum for consideration of civil rights claims. *Gardner–Denver,* 415 U.S. at 47–49, 94 S.Ct. at 1019–20, 39 L.Ed.2d at 157–58. The same concerns are simply not present in this case. The statutory right that the plaintiff attempted to redeem dealt only with a term or condition of employment that also apparently was regulated by the CBA. There is no evidence that the Legislature regarded that right as being so important that individuals should have access to two different forums to enforce it. Once the plaintiff entered the grievance procedure, he had selected the remedy to adjudicate his claim, and he should have pursued that remedy to its conclusion.

In conclusion, therefore, the second motion justice's decision was not barred by the law of the case, and summary judgment was properly granted to the defendant. The appeal is hereby denied and dismissed. The papers in the case are remanded to the Superior Court for entry of judgment for the defendant *nunc pro*

*tunc,* which judgment for the defendant is hereby affirmed.