**In re Ignacio SOLORIO personal representative of the estate of Miguel Solorio, Petitioners.**

No. 2:00CV0172G.

United States District Court, D. Utah, Central Division.

May 10, 2000.

John Bradford DeBry, DeBry & Associates, Salt lake City, UT, for Petitioners.

**ORDER**

J. THOMAS GREENE, District Judge.

This matter is before the court on Ignacio Solorio's Verified Petition for Pre-action Discovery pursuant to Rule 27 of the Federal Rules of Civil Procedure. The petition is denied on two grounds.

■ First, there is no showing that notice has been given to the anticipated adverse party in accordance with Rule 27(a)(2). Such notice is a condition precedent and because the petitioner did not comply, the petition is denied.

■ Second, the petition is denied on the merits. The purpose of Rule 27 is to "prevent a failure or delay of justice" through the "perpetuation of testimony." *Fed.R.Civ.P. 27(a)(3); see also In re Gary Constr., Inc.,* 96 F.R.D. 432 (D.Colo.1983). It appears the petitioner is using Rule 27 as a fishing expedition to prepare for filing. There is no showing that the information sought could not be acquired through due diligence. The petitioner has not satisfied Rule 27 by showing that justice would be impaired if the testimony were not preserved.

■ Instead petitioner asks the court to allow preaction discovery because he "lack[s] the power of the Court to establish certain facts necessary to make a complete administrative claim." It is commonly held that Rule 27 was "not intended as a means of

discovery to ascertain facts for the use in framing a complaint." *Gary Constr.* 433; *see also Penn. Mut. Life Ins. Co. v. United States,* 68 F.3d 1371 (D.C.Cir.1995). Therefore, because Rule 27 does not warrant discovery in this situation, the petition is denied.

It is hereby

**ORDERED,** that the Verified Petition for Pre-action Discovery is **DENIED.**