Piero MAGGIACOMO

v.

Michael STANLEY d/b/a R.I. Casting Co.

No. 2000–15–Appeal.

Supreme Court of Rhode Island.

April 4, 2001.

Robert B. Jacquard, Seth A. Perlmutter, Cranston.

Jeffrey S. Brenner, Boston, MA.

**ORDER**

This case came before the Supreme Court for oral argument on March 12, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Piero Maggiacomo (plaintiff) has appealed from a summary judgment in favor of Michael Stanley d/b/a R.I. Casting Co. (defendant) in an action to recover amounts due. After reviewing the memoranda submitted by the parties and after hearing arguments of their counsel, we are of the opinion that cause has not been shown. Therefore, we shall proceed to summarily decide the case at this time.

Many of the facts in this case were undisputed. In January 1989, plaintiff, defendant, and defendant's brother, Kenneth R. Stanley (Kenneth), entered into an agreement to form a partnership known as R.I. Casting Co. for the purpose of supplying casting molds to the jewelry industry. The plaintiff supplied $5,000 cash and $3,000 worth of casting equipment, defendant and his brother supplied the labor, and each of the three was to receive an equal ownership interest in the business. Although plaintiff claimed to have prepared a handwritten agreement detailing the terms of this partnership, no such

agreement was produced, as it was purportedly lost or stolen. According to plaintiff, in May 1989 the parties agreed that plaintiff would retire as a partner and become a creditor of the business, to whom defendant would be solely responsible for repayment of the cash loan and value of the equipment. After this point, plaintiff's and defendant's version of the facts differed. The defendant agreed that he was responsible for repayment of the $8,000 investment in the partnership, but averred that after payment of approximately $7,000, he owed no more than $1,000.92. The plaintiff claimed that he advanced an additional $6,000 to defendant in 1989 and that in July 1991, the parties agreed that the debt totaled $17,000, including 12% annual interest accrued from April 1989. The plaintiff further claimed that defendant made only fifty 231 scheduled weekly payments of $95, resulting in a remaining debt of $13,985.28. The plaintiff filed a complaint in Superior Court on March 25, 1993 for the recovery of this amount. On July 14, 1999, defendant filed a motion for summary judgment based on the lack of evidence that such an agreement existed and on plaintiff's sworn statement in a deposition incident to his divorce proceedings in September 1990. In that deposition, plaintiff testified that he had no interest in defendant's business beyond providing casting equipment worth between $7,000 to $8,000.

The case was continued to permit plaintiff to file supplemental affidavits on behalf of his opposition to defendant's motion. The plaintiff provided several affidavits, including one by Frank Messina, C.P.A. (Messina) who stated that he had prepared a financial statement for defendant that "included a line item * * * for a Note Payable to Piero Maggiacomo for $16,094," which Messina recalled as a debt resulting from plaintiff's sale of assets to defendant. The plaintiff also introduced an affidavit by defendant's brother Kenneth confirming plaintiff's claim that in addition to the initial $8,000 investment in the business, he had made a further loan of $5,000 to defendant. Subsequent to a hearing on defendant's motion for summary judgment, the Superior Court motion justice granted the motion after pointing out that "noticeably missing from the affidavits is something contradicting that sworn deposition testimony" during plaintiff's divorce proceedings that he was owed only between $7,000 and $8,000. Consequently, the motion justice granted defendant's motion because plaintiff's "affidavits [did] not raise any genuine issue of material fact." The plaintiff appealed.

It is well established that this Court reviews the grant of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). Consequently, "we shall affirm a summary judgment if, after reviewing the evidence in the light most favorable to the nonmoving party, we are of the opinion that no genuine issue of material fact exists and 'that the moving party is entitled to judgment as a matter of law.'" *Rousseau v. K.N. Construction, Inc.,* 727 A.2d 190, 192 (R.I.1999) (per curiam). "A party who opposes a motion for summary judgment * * * cannot rest on allegations or denials in the pleadings or on conclusions on legal opinions," *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I.1996). Rather, by affidavits or otherwise, it has an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact. *St. Paul Fire & Marine Insurance Co. v. Russo Brothers, Inc.,* 641 A.2d 1297, 1299 (R.I.1994). Super.R.Civ.P. 56(e).

In his appeal, plaintiff contended that the motion justice failed to rule on defen-

dant's claim that the purported agreement from July 1991 totaling defendant's debt to plaintiff at $17,000 was not set forth in writing and therefore did not satisfy the statute of frauds. The plaintiff argued that the agreement was not barred by the statute of frauds, that whether there existed a valid agreement between the parties presented a genuine issue of material fact, and that consequently, the motion justice granted a summary judgment erroneously. Moreover, the affidavits of Messina and Kenneth Stanley clearly contradicted defendant's statement of the monies owed to plaintiff.

Because the debt could have been repaid within a year, the statute of frauds—raised by defendant in his motion for summary judgment—was unavailing to him as a defense. *See, e.g. Hodges v. Richmond Mfg. Co.,* 9 R.I. 482, 484 (1870) (holding that "the money, and not the time, was the principal object, and that therefore it might be performed in a year"). The existence of such an alleged agreement and the precise amount owed to plaintiff were questions of fact, and the justice therefore erred in summarily dismissing the case. It is well established that "[t]he duty of a Superior Court justice in passing upon a motion for summary judgment is issue finding rather than issue resolution." *GMAC v. Johnson,* 746 A.2d 122, 124 (R.I. 2000) (per curiam). Here, the justice was presented with affidavits that supported plaintiff's claim of a second agreement with defendant and of a larger amount owed to him than stated in his earlier deposition, and she was obliged to consider them in the light most favorable to plaintiff. *Accent Store Design, Inc. v. Marathon House,* 674 A.2d at 1225. It appears from the transcript of the proceedings that instead of determining whether any issues of fact remained to be resolved, the motion justice passed on the weight and credibility of the evidence. *Doyle v. State,* 122 R.I.

590, 594, 411 A.2d 907, 909 (1989). The motion justice characterized the affidavits as "very artfully done" but "completely consistent with [plaintiff's] deposition testimony." Given that summary judgment is a drastic remedy and should be cautiously applied, *Rustigian v. Celona,* 478 A.2d 187, 189 (R.I.1984), we conclude that the motion justice erred in granting summary judgment to defendant when the supplemental affidavits submitted by plaintiff raised at least two genuine issues of material fact in support of his claim.

Accordingly, we sustain the plaintiff's appeal and reverse and vacate the summary judgment in favor of the defendant. The case may be returned to the Superior Court for trial.