[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The events giving rise to the instant motion to quash were precipitated by the filing of a Miscellaneous Petition by Carolyn Zak. The Petition alleges that Ms. Zak was a student at Roger Williams University ("RWU") in Bristol, Rhode Island It is further alleged that on or about January 31, 2003, she was the victim of a sexual assault, allegedly committed by another student at RWU, one Edward Strauss. It is alleged that, upon information and belief, pursuant to a Judicial Complaint form filed by Ms. Zak, RWU conducted an investigation into the alleged incident, brought disciplinary proceedings against Mr. Strauss, and thereafter suspended Mr. Strauss from the University.
RWU, on the basis of student confidentiality, has refused voluntarily to turn over records of the investigation and disciplinary proceedings to the Petitioner. Accordingly, the underlying Petition was filed, seemingly for the sole purpose of obtaining any and all records of RWU involving the investigation and disciplinary proceedings relative to the alleged sexual assault. The Petition was filed, but apparently not served on Mr. Strauss or his counsel. In addition, the Motion to Issue a Subpoena Duces Tecum to the Keeper of the Records of RWU was presented to the Court ex parte on August 5, 2003. The Court entered an Order granting the motion for issuance of the subpoena. Thereafter, Mr. Strauss, through counsel, has moved to quash the subpoena as calling for the production of documents allegedly privileged under the terms of the federal Family Educational Rights and Privacy Act of 1974 (FERPA),20 U.S.C. § 1232g. The motion raises questions concerning whether the records in question are privileged or otherwise protected from disclosure. Rule 45(c)(3)(A) of the R.I. Superior Court Rules of Civil Procedure allow this Court to quash a subpoena to the extent it requires disclosure of privileged or other protected matter.
FERPA was enacted in furtherance of the spending powers of Congress in 1974. The purpose of the act is to help protect the privacy interest of students and their parents by limiting the transferability of their records without their consent. UnitedStates v. Miami University, 294 F.3d 797, 806 (6th Cir.2002). Pursuant to its constitutional spending powers, Congress provides funds to educational institutions on the condition that such agencies or institutions do not have a policy or practice of permitting the release of educational records of students without the written consent of the students or their parents. SeeGonzaga University v. Doe, 536 U.S. 273 (2002).
Section 1232g(b)(6)(A) of FERPA allows disclosure of certain educational records to the victims of certain crimes:
 "Nothing in this section shall be construed to prohibit an institution of postsecondary education from disclosing, to an alleged victim of any crime of violence . . . or a nonforcible sex offense, the final results of any disciplinary proceeding conducted by such institution against the alleged perpetrator of such crime or offense with respect to such crime or offense."
According to this section, the alleged victim, in this case Ms. Zak, can obtain the "final results" of any disciplinary proceeding from RWU without the intervention of this Court or the coercive powers of a subpoena.[1] In addition, Section 1232g (b) provides in pertinent part:
 (b)(2) No funds shall be made available under any applicable program to any educational agency or institution which has a policy or practice of releasing, or providing access to, any personally identifiable information in education records other than directory information, or as is permitted under paragraph (1) of this subsection unless —
 . . . .
 (A) there is written consent from the student's parents specifying records to be released, the reasons for such release, and to when, and with a copy of the records to be released to the student's parents and the student if desired by the parents, or
 (B) except as provided in paragraph (1)(J), such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and students are notified of all such orders and subpoenas in advance of the compliance therewith by the educational institution or agency.
The United States Supreme Court has held that the nondisclosure provisions of FERPA do not provide a private right of action against an institution that releases student records without consent, but rather establishes a financial sanction in the form of loss of federal funding to an offending institution. SeeGonzaga University v. Doe, 536 U.S. at 279. In addition, it has been held that FERPA does not create a privilege against disclosure of student records, analogous to a doctor-patient or attorney-client privilege. See Rios v. Read, 73 F.R.D. 589, 598 E.D.N.Y. (1977). Notwithstanding the absence of a private right of action, or an evidentiary privilege, by affording parents and students the opportunity to be heard in connection with the institution's compliance with a subpoena, it appears that Congress may be suggesting that a Court, before requiring the disclosure of confidential student records, balance the needs of the litigant with the privacy rights of the student. Id.See DeFeo v. McAboy, 260 F. Supp.2d 790 (E.D. Mo. 2003);see also 34 C.F.R. § 99.31 (a)(9) (Secretary of Education regulations indicating that parents or students may seek protective action after notification that records have been requested by subpoena). Even in the absence of such a policy, normal discovery criteria must be considered in connection with whether certain records or documents are pertinent to a claim or defense asserted, or calculated to lead to the discovery of admissible evidence. See Sup. R. Civ. P. 26(b)(1). There are also distinctions under FERPA between educational records and records created and maintained by a law enforcement unit of the educational institution. DeFeo v. McAboy, 260 F. Supp. 2nd
at 795.
However, in order to properly weigh all factors, such a decision should be made in the context of a pending judicial proceeding that will focus the Court's inquiry, and strike the appropriate balance. This Court need not decide at this time the extent that such records should be open to discovery, since it appears to the Court that the subpoena and efforts to obtain disclosure of this information pre-litigation is not permitted by this State's law or procedure.
The prior Justice, when asked to authorize the issuance of a subpoena ex parte, did not have the benefit of advocacy on behalf of the student whose records are being sought.[2]
There is no reference in the Petition or the ex parte motion for the Issuance of the Subpoena that the Court was made aware of the provisions of FERPA, or the basis for RWU's refusal to produce the educational records of Mr. Strauss.[3]
In addition, the basis for the Petitioner's Ex Parte Motion was Rule 27 of the R.I. Superior Court Rules of Civil Procedure, and R.I.G.L. § 9-18-12, relative to perpetuating the testimony of a witness "concerning any matter which is or may be the subject of litigation, as well before as after litigation is commenced."[4] While deposition testimony may of necessity be taken in order to preserve that testimony for use in subsequent litigation, neither Rule 27 nor R.I.G.L. § 9-18-12 are designed to be used simply to gather facts prior to litigation, or to investigate the viability of a potential claim.
Paragraph 8 of Petitioner's "Miscellaneous Petition" states as follows:
 "Plaintiff requires a copy of RWU's file regarding the incident, RWU's investigation thereof and the resulting disciplinary action RWU instituted against Edward Strauss in order for her to perform a good faith investigation with regards [sic] to any potential claims against RWU and Strauss in order to ensure that any impending Complaint will be well grounded in fact and law."
Paragraph 9 of the Petition states:
 "Plaintiff requires the testimony of RWU to gather evidence and to properly investigate a potential claim to ensure that an impending Complaint be well grounded in fact and law."
There is no evidence set forth by the Petitioner to suggest that the subpoena was necessary to perpetuate testimony of any witness in any manner.[5] There is scant decisional law in Rhode Island interpreting the provisions of either Rule 27(a) or R.I.G.L. § 9-18-12. However, the Supreme Court made clear inTravelers Insurance Co. v. Hindle, 748 A.2d 256, 261 (R.I. 2000), that the plain language of § 9-18-12 allows for the "perpetuation of testimony of witnesses." The Court stated further: "We discern nothing in the statute that permits discovery in any way beyond such testimonial parameters or operates as a substitute for discovery." Id.
Although the federal counterpart to Rule 27(a) is much more specific in its definitions, and much more explicit in defining procedures,[6] it has been held that Fed.R.Civ.P. 27(a) "is not a method of discovery to determine whether a cause of action exists," In re Boland, 79 F.R.D. 665, 668 (D.D.C. 1978), and is not intended as a means to ascertain facts for use in framing a complaint. In re Solorio, 192 F.R.D. 709, 710 (D. Utah 2000).
It appears to the Court that the instant petition was filed exclusively to ascertain the facts that might be used to frame a complaint either against RWU or Mr. Strauss. There is no basis alleged in either the Petition or in Petitioner's Memorandum in Support of Objection to the Motion to Quash to suggest that there is any need to perpetuate the testimony of the Keeper of the Records of RWU. To the contrary, the Court believes that if and when a complaint is filed by the Petitioner, and issue joined as to the matters alleged, only then will the Court be in a position properly to consider the provisions of FERPA and, if necessary, weigh the competing claims of the privacy interest of the student, as against the plaintiff's need for any particular information sought by way of subpoena or request to produce. The Court trusts that RWU will maintain all of the records regarding these matters, and that the same will be available for examination if the Court were to determine, after the commencement of litigation, that under appropriate discovery considerations, they should be made available for inspection.
Accordingly, the motion to quash is hereby granted. Counsel shall prepare and present an Order to that effect.
[1] It is the Court's understanding that RWU has offered to provide the Petitioner the documents which they believe to constitute the "final results" of the disciplinary proceedings against Mr. Strauss, even in the absence of a subpoena. Even if not offered by RWU, Mr. Strauss, through counsel, has agreed to allow that production.
[2] The law of the case doctrine does not apply when the second motion is based upon an expanded record. See Cipolla v. RhodeIsland College Board of Governors for Higher Education,742 A.2d 277, 280 (R.I. 1999).
[3] Paragraph 7 of the Miscellaneous Petition simply states: "RWU has refused to provide Plaintiff with a copy of its file regarding the incident, RWU's investigation thereof and the resulting disciplinary action RWU instituted against Edward Strauss as a result of said investigation."
[4] The complete text of R.I.G.L. § 9-18-12 is as follows:
 9-18-12. Petition for perpetuation of testimony — Designation of person to take deposition. — Any person, desirous of perpetuating the testimony of any witness concerning any matter which is or may be the subject of litigation, as well before as after litigation is commenced, may present a petition in writing to any justice of the supreme or superior or family court, or to any justice of a district court, setting forth the reasons of his or her application, the name of the witness or witnesses, the subject matter of the controversy, and the names of all persons known to be interested therein, and praying that the deposition of the witness or witnesses may be taken; and thereupon if the justice be satisfied of the reasonableness of the petition, he or she shall designate some notary public or standing master in chancery to take the deposition, to whom the petition, with the order of designation thereon, shall be sent.
[5] While Rule 27 and R.I.G.L. § 9-18-12 specifically refer to testimony and depositions, there is nothing either in the Rule or the statute to suggest that pre-litigation production of documents is even contemplated. Even if document discovery by way of a "Keeper of Records" deposition were deemed to be contemplated by Rule 27, the Petitioner has failed to set forth any reason grounded in "perpetuation" of evidence (e.g. the imminent destruction of relevant documents) to justify the need for compliance with the subpoena at this pre-litigation stage.
[6] For instance, Fed.R.Civ.P. 27(a) requires that the Petition be verified, and that notice of the Petition be served upon each party identified as an expected adverse party.